

| | | | |
|---|---|---|---|
| **SIDLEY AUSTIN LLP**<br>787 SEVENTH AVENUE<br>NEW YORK, NY 10019<br>+1 212 839 5300<br>+1 212 839 5599 FAX | BEIJING<br>BOSTON<br>BRUSSELS<br>CENTURY CITY<br>CHICAGO<br>DALLAS<br>GENEVA | HONG KONG<br>HOUSTON<br>LONDON<br>LOS ANGELES<br>NEW YORK<br>PALO ALTO<br>SAN FRANCISCO | SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| | FOUNDED 1866 | | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/16/2019__

April 15, 2019

**Plaintiffs shall file a response to this letter by April 23, 2019.  The initial pretrial conference is adjourned from April 18, 2019, to May 2, 2019, at 5:15 P.M.**

Dated: April 16, 2019
    New York, New York

/s/ Lorna G. Schofield
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Peter Nygård et al. v. Louis Bacon*, 19 Civ. 1559 (LGS)
       Motions to Dismiss the Complaint

Dear Judge Schofield:

We represent Defendant Louis Bacon in this action.  We write to seek leave to file motions to dismiss (a) under the doctrines of *forum non conveniens* and international comity abstention and (b) for failure to state a claim under Rule 12(b)(6).

***Forum Non Conveniens* and International Abstention.**  Plaintiffs assert a civil RICO cause of action.  The gravamen of the complaint is the assertion that Defendant caused two Bahamian resident witnesses to submit false statements in a litigation now pending in the Bahamas.

The complaint should be dismissed under the doctrine of *forum non conveniens* (FNC), both as a matter of collateral estoppel and under a fresh FNC analysis.  These same plaintiffs earlier filed, against another putative member of the RICO enterprise asserted here, a substantively identical RICO claim in federal court in Florida.  That court dismissed on FNC grounds because the FNC factors overwhelmingly favored dismissal, and the Eleventh Circuit affirmed.[1]  That decision is preclusive because it was a determination that the United States *as a whole*—including this jurisdiction—was an inconvenient forum and because the plaintiffs, facts, issues, and analysis are the same here as there.[2]  That preclusive effect aside, on a fresh analysis the FNC factors continue to overwhelmingly favor dismissal.  Plaintiff Nygård, the real party in interest, is a foreigner, so his choice of a U.S. forum gets little deference.[3]  The Bahamas is an adequate alternative forum; the key witnesses and evidence are in the Bahamas; and the Bahamas has the

---

[1] *Nygård v. DiPaolo*, No. 0:17-cv-60027-UU, 2017 WL 4303825, at *6–10 (S.D. Fla. May 23, 2017), *aff'd*, 753 F. App'x 716 (11th Cir. 2018).
[2] *See Peters v. UBS AG*, No. 13 Civ. 3098 (PAC), 2014 WL 148631, at *3–4 (S.D.N.Y. Jan. 15, 2014), *aff'd*, 588 F. App'x 57 (2d Cir. 2014); *accord Pastewka v. Texaco, Inc.*, 565 F.2d 851, 854 (3d Cir. 1977); *Amore ex rel. Estates of Amore v. Accor, S.A.*, 484 F. Supp. 2d 124, 130 (D.D.C. 2007).
[3] *See Capital Currency Exch., N.V. v. Nat'l Westminster Bank PLC*, 155 F.3d 603, 612 (2d Cir. 1998).

Sidley Austin (NY) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



Page 2

stronger interest in the case because the allegations principally relate to witness statements in an action pending in a Bahamian court.

That pending Bahamian proceeding also means that the Court should dismiss as a matter of international comity. Because the veracity of the witness statements in that action is the focus of this action, the two cases are parallel for abstention purposes,[4] and create a risk of inconsistent results that the comity doctrine is designed to avoid.[5]

**Failure to State a Claim.** The complaint is also substantively deficient for a cascade of reasons.

First, as a threshold matter, under *Kim v. Kimm*, RICO may not be used to challenge litigation activity such as "[p]reparing, signing and filing" allegedly false witness statements. 884 F.3d 98, 103 (2d Cir. 2018). That is what the claim here does, so *Kim* requires dismissal.

The facts alleged anyway fail to state a RICO cause of action in multiple ways:

- *No Predicate Acts*. Plaintiffs fail to allege a predicate act. For various reasons, the claims of procuring false testimony under NY Penal Law § 215.00 fail. For example, the allegation that one witness was "indemnif[ied]" (Compl. ¶ 12) for his cooperation in another pending lawsuit is indemnity, not bribery,[6] and the allegation that two others were paid for documents (*id.* ¶ 15) does not relate to "testimony."[7] The other, conclusory claims identify no actual intent to engage in a *quid pro quo* exchange for false testimonial statements (*id.* ¶¶ 18–19, 27–28) or the requisite agreement to make a false testimonial statement in exchange for a benefit (*id.* ¶¶ 20, 29, 30–33).[8] Many of the individuals are not even alleged to be witnesses in any proceeding.[9] *Id.* ¶¶ 20, 29. And all but one are in the Bahamas, which New York law does not reach.[10] As to money laundering, Plaintiffs do not sufficiently allege as required that the payments at issue relate to a "specified unlawful activity" under 18 U.S.C. § 1956(a)(2)(A).

---

[4] *Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs. Inc.*, 949 F. Supp. 1123, 1128 (S.D.N.Y. 1997).
[5] *Ole Media Mgmt., L.P. v. EMI April Music, Inc.*, No. 12 Civ. 7249 (PAE), 2013 WL 2531277, at *5 (S.D.N.Y. June 10, 2013).
[6] *See People v. Harper*, 75 N.Y.2d 313, 317 (N.Y. 1990) ("gist" of witness bribery "is not the payment of money, but rather the 'agreement or understanding' under which a witness accepts"). In any event, claims flowing from that 2014 lawsuit are time-barred under RICO's four-year limitations period. *See Koch v. Christie's Int'l Pub. Ltd. Co.*, 699 F.3d 141, 148 (2d Cir. 2012).
[7] *Park S. Assocs. v. Fischbein*, 626 F. Supp. 1108, 1113 (S.D.N.Y. 1986), *aff'd*, 800 F.2d 1128 (2d Cir. 1986) (complaint must allege that the witness "was offered a bribe to influence any testimony he might give").
[8] *See People v. Bac Tran*, 80 N.Y.2d 170, 176 (N.Y. 1992) (statute "requires either a mutual 'agreement'" or "a unilateral 'understanding' in the mind of the bribe maker that the bribe will influence … conduct").
[9] *See Tooker v. Guerrera*, No. 15-cv-2430 (JS)(ARL), 2017 WL 3475994, at *12 (E.D.N.Y. Aug. 11, 2017) (dismissing RICO action predicated on § 215.00 because plaintiff did not allege that payees were scheduled to testify).
[10] *See* McKinney's CPL § 20.20(2)(b); *People v. Cox*, 486 N.Y.S.2d 143, 145–46 (N.Y. Sup. Ct. 1985).



Page 3

- *No Pattern*. Plaintiffs fail to plead a "pattern of racketeering activity," which requires at least two predicate acts "related" to each other and to the enterprise, and that "pose a threat of continuous criminal activity."[11] They also fail to plead the minimum two years of "continuity" that Second Circuit law generally requires: even accepting the doubtful proposition that all the asserted acts constitute predicates and are related, they spanned only the 19 months from February 2015 to September 2016 (Compl. ¶¶ 13, 32), and that is too short.[12]

- *No Enterprise*. An association-in-fact enterprise requires a purpose, a relationship among those associated with it, and sufficient longevity.[13] A plaintiff must show that the enterprise's members "functioned as a unit."[14] The vague claim that Defendant, his investigators, and the two Bahamian witnesses "banded together" (Compl. ¶ 45) is not enough. The complaint also lacks the requisite "specific factual allegation about the intent" of the enterprise participants to demonstrate that they shared in a common purpose.[15]

- *No RICO Injury and Standing*. To establish RICO standing, a plaintiff must allege RICO damages that are "clear and definite,"[16] and cannot merely plead "generalized" and "speculative" harm.[17] Plaintiffs' general claims of "loss of goodwill, irreparable harm to … reputation, and lost business and money" (Compl. ¶ 57(5)) are insufficient. Plaintiffs have also failed to allege "*domestic* injury to [their] business or property."[18] In addition, Plaintiffs fail to plead the required "direct relationship" between the conduct and the injury.[19] Plaintiffs allege business harms, but the putative false statements are not alleged to have been aimed at Plaintiffs' business.[20]

- *No Conspiracy*. Finally, Plaintiffs' allegations of conspiracy fail because they are wholly conclusory and "devoid of factual assertions concerning the existence and nature of an agreement and unspecific as to the participants therein."[21]

**Proposed Briefing Schedule, Stay of Discovery.** Defendant proposes to file its motions **21 days** after the Court permits the motions, with **60 days** for Plaintiffs' oppositions and **35 days** for replies. Defendants believe that discovery should be stayed until the motions are resolved, and will file a motion or letter motion to that effect if the Court desires a written submission.

---

[11] *Reich v. Lopez*, 858 F.3d 55, 59 (2d Cir. 2017).
[12] *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 184 (2d Cir. 2008) (16-month span insufficient).
[13] *United States v. Turkette*, 452 U.S. 576, 583 (1981).
[14] *First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 174 (2d Cir. 2004).
[15] *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 121 (2d Cir. 2013).
[16] *Motorola Credit Corp. v. Uzan*, 322 F.3d 130, 135 (2d Cir. 2003).
[17] *Kimm v. Chang Hoon Lee and Champ, Inc*., 196 F. App'x 14, 16 (2d Cir. 2006).
[18] *RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090, 2106 (2016) (emphasis in original).
[19] *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 769 (2d Cir. 1994).
[20] *In re Am. Exp. Co. Shareholder Litigation*, 39 F.3d 395, 400 (2d Cir. 1994).
[21] *Nasik Breeding & Research Farm Ltd. v. Merck & Co.*, 165 F. Supp. 2d 514, 541 (S.D.N.Y. 2001).



Page 4

We thank the Court for its attention to this matter.

                                              Respectfully submitted,

                                              /s/  Christopher M. Egleson
                                              Nancy Chung
                                              Christopher M. Egleson
                                              *Counsel for Louis Bacon*

cc:      Counsel of Record (via ECF)