**LYMAN & ASH**

Honorable Lorna G. Schofield
US District Court, SDNY          Via ECF

      Re:     Nygård v. Bacon, No. 19-1559 (LGS)

Dear Judge Schofield:

      Plaintiffs Peter J. Nygård, et al., hereby submit their III.C.2 response to defendant Louis M. Bacon's April 15, 2019, letter proposing motions to dismiss the complaint (a) for failure to state a claim and (b) because this is not a convenient forum, and (c) to stay discovery pending decision on the motions to dismiss. Plaintiffs served interrogatories and document requests on April 8, 2019. In accordance with III.C.2, the court should: permit plaintiffs to conduct discovery; deny defendant's request to stay discovery pending motions to dismiss, which may be "(i) obviated by an amendment;" and, "(ii) deferred to a different juncture in the case." Plaintiffs intend to file an amended complaint, and request until after the discovery outlined in the April 11, 2019, joint letter [doc 18, p. 3].

      The complaint alleges Mr. Bacon has created a racketeering enterprise for the purpose of causing injury to business and property of plaintiffs within the United States, carried out through bribery and money laundering: paying and offering to pay or confer benefits on witnesses, with the understanding that such persons would provide false and influenced testimony. Mr. Bacon has used private investigative agencies based in Florida, California, and Michigan. A member of the enterprise swore an affidavit that payments were made to two such witnesses and that *a schedule of payments could be prepared* [¶ 27]. Mr. Bacon should produce such a schedule. Money laundering was by payments through intermediate persons, entities, and financial institutions, within and outside the US. Information requested includes offers and payments to, and benefits conferred on, other witnesses; and, the recent efforts of investigators to find witnesses with information about plaintiffs for other potential lawsuits, including witnesses in NY [complaint ¶¶ 34-37]. Interrogatory 5: "Why have your investigators been asking about Mr. Nygård's relationships with women?"

      **The complaint states a claim.** Mr. Bacon misplaces reliance on Kim v. Kimm, 884 F.3d at 105, which merely held that a single, frivolous, fraudulent, or baseless lawsuit, did not state a RICO claim. Kim involved allegedly false declarations of defendants themselves. In contrast here, the complaint alleges Mr. Bacon paid, offered to pay, and otherwise conferred or offered to confer benefits on non-party witnesses; and, with enormous sums of money, Mr. Bacon purchased sworn statements containing materially false assertions, including that Mr. Nygård prepared a hit list to murder persons and paid to have a shop and an automobile burned [¶ 28].

      The complaint adequately alleges the predicate acts of bribery. US v. Eisen, 974 F.2d 246 (2d Cir. 1992)(affirmed RICO convictions of lawyers under NY bribery statute), explained that NY Penal Law § 215.00 does not require false testimony [and does not mention *quid pro quo*]. The Penal Law requires, and what plaintiffs here allege, is an understanding that testimony of witnesses will be influenced by payments or benefits. Complaint ¶ 15(b): " . . . *including your testimony* at some point, . . . . plus the *continued cooperation* . . . you put a value of that on the totality of it of five million?" Complaint ¶ 15(e): " . . . there is a judge in *civil court*." The witnesses agreed: "Come to court to testify? I will come to court to testify." ¶ 16(a).

The complaint adequately alleges a "pattern of activity." Through intermediaries, defendant began this pattern no later than July 31, 2014 [¶ 12].[1] The complaint specifically alleges additional predicate acts on February 19, 2015 [¶¶ 15-19]; in October 2015 [¶ 20]; on January 24, 2016 [¶ 21]; three on February 4, 2016 [¶¶ 22-24]; in February 2016 [¶ 29]; on March 8, 2016 [¶ 26]; in August 2016 [¶¶ 30-31]; and, on September 21, 2016 [¶ 32]. The complaint alleges open-ended activity in 2018 [¶¶ 34-37] within the meaning of Spool v. World Child Int'lAdoption Agency, 520 F.3d 178, 185 (2d Cir. 2008). The "predicate acts" are "related" to each other. The payments to Bullard & Davilma are even capable of being put in a "schedule" [¶ 27]. Discovery is likely to reveal additional racketeering activity and other payments [or offers] to witnesses.

The complaint adequately alleges an association in fact "enterprise" of numerous individuals and entities, and a conspiracy [¶¶ 15, 16, 36, 45]. "Progression of cooperation payments" [15(a)]; "Totality of your cooperation however long it takes" "Value . . . of 5 million" [15(b)]; "So extent . . . is not solely you guys here" "Complete investigation that goes elsewhere" "You guys are a portion of it" "Part of the whole package" [15(f)]; "Continue this dialogue and pay you large sums of money" "A continual feeling out process" "We are building a relationship here" [15(h)]; "Continual cooperation with you" "This is just the beginning" [15(k)]; "People up in New York have to feel warm and fuzzy" [15(o)]; and, "team" [¶ 45].

The complaint adequately alleges injury to the business and property of plaintiffs within the US [¶ 57], under RJR Nabisco v. European Community, 136 S.Ct. 2090 (2016): defense costs in legal proceedings [Guzman v. Hecht, 2019 US Dist. LEXIS 48193, *22-23 (SDNY)(Cote, J.)(RICO standing found in damages to property in form of legal fees)]; public relations fees; loss of long-existing line of credit; loss of long-standing client and expansion of business with Canadian retailers into US [Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1343 (2d Cir. 1994)(award of profits to contractor who showed RICO conspiracy caused loss of contracts it might have obtained but for illegal conduct)]; loss of business goodwill and reputation [Securitron Magnalock Corp. v. Schnabolk, 65 F.3d 256, 262, 265 (2d Cir. 1995)(damages for injury to plaintiff's business reputation and loss of goodwill in connection with RICO claims)]. Mr. Nygård and his businesses are closely associated in the public eye. One of the brands carries the name Peter Nygård [¶ 1].

**This Court is a convenient forum.** Mr. Bacon should be estopped from asserting forum non conveniens and international abstention in preference to the Bahamas, where the New York Appellate Division, First Department, in a pending New York County action involving the exact same parties as here, where Mr. Bacon argued NY was a convenient and preferred forum over the Bahamas, found unanimously that NY is a convenient forum. Bacon v Nygård, 160 A.D.3d 565, 76 N.Y.S.3d 27 (1st Dept 2018)[Supreme Court of NY, No. 150400/2015]. Mr. Bacon opposed the motion of the Nygård parties to dismiss for inconvenient forum under CPLR § 327(a). 5/9/16, memo in opposition and transcript of oral argument [docs 433, 562].

---

[1] ¶ 12 omits the date, which can be found in this court's files. In re Application of the Coalition to Protect Clifton Bay and Louis Bacon, No. 14-mc-258 (SDNY), doc 82-1, p. 1, "Agreement" between Stephen Feralio and two of Mr. Bacon's companies.

During oral argument of the appeal [April 3, 2018] , Mr. Bacon's lawyer said: " . . . Mr. Nygard, who has a substantial New York presence, and one of his co-defendants is a New York citizen . . . " [p. 6]; " . . . both Nygård defendants are in New York.  My client is New York.  My client disclosed 22 witnesses; 16 of the 22 are in New York" [p. 6]; "[New York is] where [Mr. Bacon's] home is, it's the place where he spends the majority of his time and -- and you look at the facts of this case, he hasn't been back to the Bahamas since 2014 and he hasn't felt comfortable in going back because of the circumstances here" [pp. 7-8]; and, "And nexus is easy in this case, because a resident gives you nexus" [p. 11].

The First Department said: " . . . only one of the defendants is a resident of the proposed alternative forum (the Bahamas), and all of the defendants have substantial connections to New York.  For example, Nygård owns an apartment here; Nygård, Inc. has its principal place of business here; and although defendants claim that Nygård International Partnership's principal place of business is in Canada, its website identifies New York as its 'World Headquarters.'  Because defendants have a substantial presence in New York, as well as 'ample resources,' it would not be a hardship for them to litigate here."  "The burden on the New York courts is also minimal.  There is no need to translate documents or witness testimony from a foreign language." "By contrast, plaintiff would suffer hardship if required to litigate in the Bahamas, which has no jury trial right and no mechanism to obtain pre-trial deposition testimony from Bahamian witnesses."

Judicial estoppel bars Mr. Bacon, who took the position that New York is a convenient forum, and was successful, from taking a contrary position in this action.  Clark v. AII Acquisition, LLC, 886 F.3d 261, 266 (2d Cir. 2018).  Nygård v. DiPaolo has no preclusive effect here, including on grounds that it was not the same case as this case: Mr. Bacon was not a party, and there was no allegation about 2018 witness contacts in NY, NJ, GA, and CA [¶ 34].  SDNY cases finding no preclusive effect of a first forum motion on a second forum motion: Niv v. Hilton Hotels Corp., 710 F.Supp.2d 328, 331 n.1 (2008); Kelly v. Interpublic Group of Companies, 2007 US Dist. LEXIS 58088; Ibar Ltd. v. American Bureau of Shipping, 1998 US Dist. LEXIS 7792.

The complaint [¶¶ 5, 12] alleges Mr. Bacon paid a witness through a NY property management firm and its affiliate.

**The Court should not stay discovery.**  Absent extraordinary circumstances, this Court does not stay discovery during the pendency of a motion to dismiss.  III.C.2.  Mr. Bacon's forum motion is irrelevant to moving forward with discovery.  In Lifeguard Licensing Corp. v. Kozak, 2016 US Dist. LEXIS 68724, *3-4 (SDNY), where actions were pending in this court and in the Eastern District of Michigan, this Court said: "I do not extend discovery or stay actions generally because of the pendency of a motion to dismiss, and so I'm not doing that here. Particularly, since it seems as though there's a bona fide dispute between the parties, *you're going to have to exchange discovery in any event regardless of where this case proceeds* [emphasis added]."

Respectfully,

/s/ *Michael S. Fettner*
Michael S. Fettner