UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
PETER J. NYGARD,                                           :

                   Plaintiff,            :

           -against-                                :      **MEMORANDUM AND ORDER**

LOUIS M. BACON, JOHN DOES 1-20      :      19-CV-1559 (LGS) (KNF)
AND DOE CORPS. 1-10,
                                 :
                 Defendants.
-----------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

On April 1, 2020, the plaintiff's motion for leave to amend the complaint was denied,
without prejudice, on a procedural ground. See Docket Entry No. 70. Before the Court is the
plaintiff's renewed motion for leave to amend the complaint, pursuant to Rule 15 of the Federal
Rules of Civil Procedure. The defendant opposes the motion.

### PLAINTIFF'S CONTENTIONS

The plaintiff asserts that the amended complaint expands the original claims under the
Racketeer Influenced and Corrupt Organizations Act ("RICO"), including allegations of
wrongful conduct that caused damages to the plaintiff in 2020, and its length "is warranted
because of the scope and expansiveness of Defendant's alleged wrongdoing." According to the
plaintiff, the amended complaint presents a coherent, discernable scheme against a single
defendant and "adds a table of contents and explanatory introductory paragraphs, which aids in
observing the expansiveness and scope of Defendant's alleged wrongdoing." The plaintiff
contends that: (a) he did not unduly delay the filing of his motion or act in bad faith or with a
dilatory motive; (b) he acted promptly to correct the procedural deficiencies that resulted in a
denial of his first motion to amend; and (c) no history of failure to cure deficiencies through

previous amendments exist.  The plaintiff asserts that the defendant is not unfairly prejudiced by the amended complaint because discovery is stayed, and no trial date has been set.  Moreover, the amended complaint is not futile because "[n]o adjudication of a deficiency in the original complaint exists against which to assess futility," and the plaintiff's evidence submitted in support of the motion demonstrates "the absence of any futility."

The plaintiff alleges in the amended complaint that the defendant, "in concert with others, engaged in a pattern of illicit and illegal conduct designed to improperly influence witnesses to make false statements, file false reports, abuse process, tortuously interfere with business relations and aid and abet the dissemination of false statements in conjunction with infringing copyrighted works and trademarks, all for the intentional purpose of damaging Plaintiff, his business and property, in violation of [RICO] and other laws."  The plaintiff asserts the following claims in the amended complaint: (1) RICO violations under 18 U.S.C. § 1962(C); (2) RICO violations under 18 U.S.C. § 1962(D); (3) tortious interference with prospective economic advantage; (4) aiding and abetting the filing of a false report; (5) filing of a false report; (6) trafficking and harboring certain aliens to further fraudulent acts; and (7) abuse of process.  The amended complaint is 144 pages long.  In support of his motion, the plaintiff submitted his attorney's affidavit with exhibits.

## DEFENDANT'S CONTENTIONS

The defendant contends that the proposed amended complaint violates Rule 8 of the Federal Rules of Civil Procedure because it is not "short and plain," as it contains 970 paragraphs.  The defendant maintains that the assertion of RICO claims does not justify a verbose complaint and the plaintiff's unnecessary prolixity places an unjustified burden on the court and the defendant because it contains "irrelevant allegations concerning any number of

individuals and institutions."  For example, the prefatory section offers lengthy and vague

allegations identifying a certain individual, A.C., named fully later in the amended complaint,

Moore Capital Management, Moore Charitable Foundation and the Waterkeeper Alliance, Inc.

However, after identifying them, they "are mentioned only in the most conclusory manner,"

leaving the defendant to speculate "whether they are intended to have any relevance at all to

[Peter] Nygard's claims.  With only the most tenuous links to the [amended complaint's]

substantive allegations, it appears these non-parties are named merely to cause embarrassment to

each of them."  The defendant asserts that the plaintiff fails to give fair notice of the claims

because the generalized allegations in 509 paragraphs concern 46 persons or entities and "other

relevant individuals/entities" yet to be identified, "supposedly involved in activities that

purportedly amount to a violation of RICO."  Even the allegations against the defendant lack

notice of the RICO claim, because the plaintiff "has taken the original complaint's already

deficient RICO predicates of bribing a witness in violation of New York Penal Law § 215 and

money laundering in violation of 18 U.S.C. § 1956(a)(2)(A)," and "tacked on at least 19

additional purported predicates," "[c]opying and pasting vast chunks of title 18 of the U.S. Code

into a complaint," which Rule 8 prohibits.

     The defendant asserts that the amended complaint also violates Rule 12(f) of the Federal

Rules of Civil Procedure because it is rife with immaterial, impertinent and scandalous

allegations. The "crux" of the amended complaint is the defendant's alleged suborned perjury, in

connection with certain witnesses in a separate litigation in the Bahamas.  Included in irrelevant

allegations are dozens of paragraphs alleging that the defendant is responsible for "paying people

to tell lies about Nygard to various media outlets," which is not actionable under RICO.

Similarly, alleging that the defendant is responsible for filing a false report with law enforcement

is not a RICO predicate and neither is a violation of New York Penal Law § 240.50, a misdemeanor offense.  Moreover, the individuals alleged to have made false reports were not alleged to have been under oath or affirmation or to have made their reports to officials authorized to hear evidence or take testimony, and the alleged false statements to law enforcement officers were not connected to any court, congressional, or insurance-related proceedings.   At most, the plaintiff alleges "that the statements spurred just a preliminary investigation" and "actual 'FBI raids on [him] in California and New York' in 2020."  However, these acts are quasi-adjudicative in nature and the plaintiff's "unsuccessful attempts to hook the filing of false reports into the laundry list of RICO predicates confirms that all of the allegations related to false reports are immaterial, impertinent, and scandalous, not permitted under Fed. R. Civ. P. 12(f)," warranting denial of the motion.

Similarly, the allegations concerning the "private witness protection program" and the illegal harboring of aliens are immaterial and impertinent, and the plaintiff failed to allege that those acts caused him any harm.  Moreover, the claim of tortious interference with prospective economic advantage is not viable because it is not based on relationships the plaintiff had with third parties and requires that the interfering conduct be directed at the party with which the plaintiff has or seeks to have a relationship, whereas the plaintiff alleged only that the persons purportedly acting on the defendant's behalf provided content for the website "sistahsabused.com," and no allegations exist of direct communications between the defendant and his associates or anyone with whom the plaintiff has a business relationship; thus, these improper allegations must be stricken.  Concerning the claims of filing a false report and aiding and abetting the filing of a false report, they are premised on federal and state criminal statutes that do not provide a private right of action.  Similarly, no private right of action exists for

"trafficking and harboring certain aliens to further a fraudulent act." Furthermore, the claim for abuse of process cannot be maintained because it is premised on legal process against the plaintiff in the lawsuits unrelated to the "alleged lies to the media, false reports, or the illegal harboring of aliens," and the plaintiff "just baldly asserts" damages in connection with that claim. In support of his opposition to the motion, the defendant submitted his attorney's declaration with exhibits.

**PLAINTIFF'S REPLY**

The plaintiff asserts that his motion "is unopposed under Rule 15" because his arguments concerning the standard under that rule are not challenged by the defendant. According to the plaintiff, the defendant "focuses on whether the pleadings are appropriate under Rule 8 and Rule 12(f)," but "discussion of these rules is more appropriate in the context of a motion to dismiss," especially the discussion related to Rule 12(f), in which the defendant "purports to investigate the elements of the causes of action and whether the facts pled meet the elements of these claims." The plaintiff contends that his amended complaint does not violate Rule 8 because it gives the defendant fair notice of the claims to enable him to prepare for trial and includes introductory paragraphs and a table of contents to promote clarity. The length of the amended complaint is warranted due to the extent and nature of the defendant's conduct, including allegations supporting the RICO claims and other causes of actions that are pleaded comprehensively. The plaintiff maintains that his allegations are not immaterial and irrelevant; rather, they identify clearly and unambiguously the behavior of each actor in the defendant's "pervasive scheme." For example, the plaintiff alleges that Moore Capital Management, the Moore Charitable Foundation and the Waterkeeper Alliance, Inc. funneled funds improperly, with the involvement of A.C., to further the defendant's scheme and the description of this

behavior is needed to explain partly how the defendant funded his scheme illegally.  The RICO claims support the comprehensiveness of the allegations, and the plaintiff pled each element of each predicate act, including that the allegations of predicate acts that are based on fraud, which complied with the heightened pleading standard required under Fed. R. Civ. P. 9(b).

The plaintiff contends that his amended complaint does not violate Rule 12(f) because the complaint names only one defendant who is responsible for all conduct and no claims have been dismissed before this motion.  Furthermore, Rule 12(f) motions are disfavored in this district and granted infrequently.  The defendant asks the Court to rule on the sufficiency of the allegations, which is improper on this motion, and he did not address the plaintiff's futility argument. Respecting the allegations of making false reports, the defendant misconstrues RICO and the plaintiffs' claims because the statutes do not require actual interference with the proceeding, only that an action be done with the intent either to influence the testimony of a witness under oath, in a trial-type proceeding, or interference with an official proceeding.  The defendant asks that the Court render a determination of the violations alleged under these statutes without detailed briefing on the underlying facts and law.

The plaintiff maintains that this is not a collateral attack on other lawsuits because the allegations are new and causes of action are not at issue in any other litigation, including allegations arising in 2020.  While the parties and activities may have some relation to each other, other cases are distinct and have no relation to this case.

**LEGAL STANDARD**

Once the time for amending the pleadings as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Leave to amend,

though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)).

## APLICATION OF LEGAL STANDARD

The defendant does not argue that the motion should be denied based on undue delay, bad faith or dilatory motive on the part of the plaintiff, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the defendant or futility; he argues only that the motion should be denied because the amended complaint violates Rules 8(a)(2) and 12(f) of the Federal Rules of Civil Procedure.

To the extent that the defendant argues that a violation of Rule 8(a)(2) establishes futility of the amended complaint, the defendant does not make citation to any binding authority in support of that proposition. Given "jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities," denying leave to amend "on the sole ground that it does not constitute the short and plain statement required by Rule 8," Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988), without an opportunity to correct any deficiencies, would be contrary to the circuit preference. The defendant relies on a summary order involving an appeal from the grant of a motion to dismiss a pro se plaintiff's third amended complaint on the ground that it was "indiscernible" and "unintelligible," pursuant to Rule 8(a)(2). Strunk v. U.S. House of Representatives, 68 Fed. Appx. 233, 234 (2d Cir. 2003). Unlike in Strunk, the amended complaint is neither "indiscernible" nor "unintelligible," and no failure to correct previous deficiencies exists in this case.

The defendant also asserts that the amended complaint places an "unjustified burden" on him because it contains certain "conclusory" allegations, leaving him "to speculate" about their relevancy.  The defendant contends that "[u]nnecessary prolixity" in the pleading "places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)."  The court stated in <u>Salahuddin</u>:

> When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed.R.Civ.P. 12(f), or to dismiss the complaint. Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised. *See Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir.1969). When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8. *See generally* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 366–67; 2A *Moore's Federal Practice* ¶ 8.13, at 8–81 to 8–82 n. 38.

> <u>Id.</u>

The amended complaint in this case is not "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." <u>Id</u>.  This is not a circumstance where leave to amend "has previously been given and the successive pleadings remain prolix and unintelligible." <u>Id</u>.  Furthermore, "prolixity" alone is not sufficient to deny the amendment where it is not accompanied by "incomprehensibility." <u>Prezzi v. Schelter</u>, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of the <u>pro se</u> complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension" with leave to amend).  The Court finds that the allegations in the proposed amended complaint are not immaterial and irrelevant to the plaintiff's claims as the defendant contends so as to warrant denial of the motion.  Despite its length, and in light of the heightened pleading standard governing civil RICO claims sounding in

fraud, see Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 119 (2d Cir. 2013) ("On a motion to dismiss a RICO claim, Plaintiffs' allegations must also satisfy the requirement that, '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.' Fed.R.Civ.P. 9(b)."), the Court finds that the amended complaint contains allegations that, although lengthy, are sufficiently relevant, clear and specific as to provide fair notice to the defendant about the claims against him.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for leave to amend the complaint, Docket Entry No. 72, is granted.

Dated: New York, New York                 SO ORDERED:
      July 24, 2020

                                                      KEVIN NATHANIEL FOX
                                                          UNITED STATES MAGISTRATE JUDGE