

November 11, 2020

**David M. Ross**
202.626.7687 (direct)
David.Ross@wilsonelser.com

**BY ECF**
The Honorable Kevin N. Fox
United States Magistrate Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *Nygård et al. v. Bacon*; Case No.:  1:2019-cv-01559-LGS-KNF

Dear Judge Fox:

Plaintiff responds to Defendant's November 10, 2020 letter (ECF No. 90) asking this Court to strike the two appendices that Plaintiff included with his opposition. Defendant does not challenge the propriety of Plaintiff's opposition brief, but rather argues that the appendices included with that brief violate this Court's 30-page limit for Plaintiff's opposition because the 24 pages comprising the appendices "simply contain argument." A review of the appendices shows otherwise.

This case involves allegations that Defendant executed a comprehensive, decade-long scheme with others to obtain Plaintiff's property in the Bahamas, and to damage and destroy Plaintiff, his business reputation, his fashion brand, his fashion empire, his business, and his property in the United States and around the world. This scheme, including Defendant's program of paying-off, bribing and coercing witnesses to provide false and damaging statements about Plaintiff to the media and to legal authorities, are thoroughly detailed in the First Amended Complaint ("FAC"), ECF No. 80. Defendant has moved to dismiss the FAC, largely arguing that the FAC does not state a RICO claim.

Given the expansiveness of the alleged scheme, the FAC includes introductory paragraphs, 970 numbered paragraphs, and a table of contents. Indeed, as this Court found in granting Plaintiff leave to file the FAC, "the amended complaint contains allegations that, although lengthy, are sufficiently relevant, clear and specific as to provide fair notice to the defendant about the claims against him." ECF No. 79, at 9. The information in the appendices was merely a subset of the allegations in the FAC to provide this Court with an organized recitation of the allegations supporting the claim that there was an enterprise and identifying the predicate acts underlying the RICO claim.  The appendices that Plaintiff includes with his opposition did not "simply contain argument." The appendices do not cite a single case or contain argument sections. The appendices "simply" present this Court with a guide to factual allegations in the FAC, upon which the Court

1500 K Street, NW, Suite 330 • Washington, DC 20005 • p 202.626.7660 • f 202.628.3606

Alabama • Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston
Indiana • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Missouri • Nashville • New Jersey • New Orleans
New York • Orlando • Philadelphia • Phoenix • San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

1134112v.1



could rely, in order to assist this Court in deciding Defendant's motion to dismiss. As stated in Plaintiff's opposition, "[f]or ease of reference for this Court, annexed as Appendix 1 is a chart further illustrating how the FAC's factual allegations demonstrate that the FAC adequately pleads RICO enterprise and the related association-in-fact," and "attached as Appendix 2 is a chart further illustrating how the FAC's factual allegations demonstrate that the FAC adequately alleges the predicate acts supporting Nygård's RICO claims." Opp. at 12 n.5, 18 n.6.

Far from attempting to flout this Court's 30-page limit, Plaintiff included the appendices to aid this Court. Courts routinely accept such submissions. The court in *Fogel v. Wal-Mart De Mexico SAB De CV*, 2017 U.S. Dist. LEXIS 26976, *49 (S.D.N.Y. Feb. 27, 2017), found that it "certainly has the authority to strike exhibits and pages that are attached to circumvent its page limits," but did "not find that Defendants' appendices were attached in an attempt to skirt the Court's orders, but rather credits Defendants' argument that their appendices were intended to serve as mere organizational tools." Here, Plaintiff included the appendices with his opposition to serve as organizational tools to assist the Court in analyzing the FAC's allegations.

In another case, a court analyzed an appendix that "contains excerpts organized by argument and contains brief summaries of the excerpted testimony." *In re NYSE Specialists Sec. Litig.*, 260 F.R.D. 55, 65 (S.D.N.Y. 2009). The court found that "[n]othing in the Appendix, however, rises to the level of legal argument, as the Court can easily distinguish (and just as easily disregard) the summaries providing context for the excerpts from the excerpts themselves." *Id.* The court concluded that because "the Appendix does not constitute an impermissible continuation" of the party's "legal argument," it would deny the motion to strike the Appendix. *Id.* Similarly, the appendices that Plaintiff included do not "rise to the level of legal argument," and may therefore be properly accepted and considered by this Court.

The two cases that Defendant cites do not support striking the appendices that Plaintiff included. In *S.G. v. Success Academy Charter Schools, Inc.*, No. 18-2484, 2019 WL 1284280, *6 n.3 (S.D.N.Y. 2019), the court had ordered 30-page briefs, but the plaintiff filed a 35-page brief, all of which included argument. The plaintiff explained that it had "forgotten" that the court had ordered only 30 pages, and the court, in striking the last five pages of the brief, noted the plaintiff's earlier misconduct including a pattern of misconduct and ignoring the court's orders. *Id.* In *CBS Broad. Inc. v. FilmOn, Inc.*, No. 10-7532, 2010 WL 4840091, *1 (S.D.N.Y. 2010), the party incorporated "memoranda of law filed in another case in lieu of briefing the precise issues raised in this litigation…." None of the circumstances in these cases are present here.

Plaintiff's inclusion of the appendices is entirely proper. The appendices are clearly not additional argumentation to circumvent this Court's 30-page limit. Plaintiff's arguments are set forth in his opposition brief.

Similar to the appendices at issue in *Fogel*, the appendices accompanying Plaintiff's opposition brief are organizational tools to assist this Court as it decides Defendant's motion to dismiss in analyzing the factual allegations in a necessarily lengthy FAC to determine whether the



FAC states a RICO claim. And, as with the appendix at issue in *In re NYSE Specialists Sec. Litig.*, the appendices that Plaintiff included do not "rise to the level of legal argument." The appendices organize and group allegations in the FAC relevant to the RICO enterprise and predicate acts pleaded in the FAC.

Insofar as Plaintiff has not taken any action in violation of this Court's directive, and since the appendices merely provide an organized chart of allegations made in the FAC, Plaintiff's submission of these assistive documents was appropriate. This Court should therefore deny Defendant's request that this Court strike the appendices that Plaintiff included with his opposition to Defendant's motion to dismiss.

Thank you for your consideration of these documents.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

*/s/ David M. Ross*
David M. Ross
Cynthia S. Butera
Rebecca R. Gelozin

*Counsel for Plaintiff Peter J. Nygård*

cc: Counsel of Record (via ECF)

1134112v.1