

SIDLEY AUSTIN LLP
888 PROSPECT STREET, SUITE 200
LA JOLLA, CA 92037
+1 310 595 9500
+1 310 595 9501 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 213 896 6108
CEGLESON@SIDLEY.COM

November 10, 2020

**By ECF**  MEMORANDUM ENDORSEMENT

The Honorable Kevin N. Fox
United States Magistrate Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *Nygård v. Bacon*, No. 1:19-cv-01559-LGS-KNF
     <u>Defendant's Motion to Strike Plaintiff's Excess Pages</u>

Dear Judge Fox:

  We represent Defendant Louis Bacon in this action.  The Court earlier rejected the parties' request for a 40-page limit on the parties' motion to dismiss briefing, setting a 30-page limit instead.  Defendant's motion to dismiss brief complied with that limit.  Plaintiff's opposition, however, includes 54 pages of argument, 24 of which are laid out in two documents styled as "Appendices."  (Dkt. 89-1 & 89-2).  This knowing and willful violation of the Court's considered order is unfair and prejudicial to Defendant, and we write to ask the Court enforce its prior order and strike these excess pages.

  Before Defendant filed his motion to dismiss, the parties sought the Court's permission to each file an enlarged 40-page brief to address the motion.  *See* Dkt. 83.  The Court denied the enlargement request, instead ordering that each party's brief could not exceed 30 pages.  *See* Dkt. 84.  On September 10, 2020, Defendant complied with that order, filing a 30-page brief in support of his motion to dismiss.  *See* Dkt. 86.

  Yesterday, on November 9, 2020, Plaintiff filed documents in opposition to Defendant's motion that contain 54 pages of argument.  These include a 30-page document styled as a memorandum of law, Dkt. 89, and two documents labeled "Appendices":  a single-spaced, five-page Appendix 1, Dkt. 89-1, and a single-spaced, 19-page Appendix 2, Dkt. 89-2.  Plaintiff did not seek

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

**SIDLEY**

Page 2

or obtain consent from Defendant prior to the filing of these excess pages, and did not seek leave of Court.[1]

Plaintiff describes Appendix 1 and Appendix 2 as "further illustrating" arguments it purports to be making in its memorandum of law.  *See* Dkt. 89 at 12 n.5 & 18 n.6.  In truth, they simply contain argument.  As a result, while Defendant's motion contained approximately 10,500 words of argument, Plaintiff's opposition papers contain approximately 20,000.  The Appendices thus transparently flout the Court's order limiting the parties' briefs to 30 pages.

This "flagrant violation of the page limits" is "unacceptable."  *See CBS Broad. Inc. v. FilmOn.com, Inc.*, 2010 WL 4840091, at *1 (S.D.N.Y. 2010).  The extra pages would burden the Court with excessive argument.  It would be unfair to Defendant for Defendant to have obeyed the Court's 30-page limit if Plaintiff were allowed to disregard that limit.  And it would prejudice Defendant to be required to reply to Plaintiff's 54 pages of argument in the 10 pages allowed for a reply.  Accordingly, the Court should strike the two "Appendices" that Plaintiff has filed.  *See S.G. v. Success Acad. Charter Schools, Inc.*, 2019 WL 1284280, at *6 n.3 (S.D.N.Y. 2019) (striking material that "violated the 30-page limit ordered by the Court").

We thank the Court for its attention to this request.

Respectfully submitted,

/s/ Christopher M. Egleson
Nancy Chung
Christopher M. Egleson
Christina Prusak Chianese
*Counsel for Louis Bacon*

11/13/20

Application granted.  The Clerk of Court is directed to strike Docket Entry No. 89-1 and Docket Entry No. 89-2 from the docket sheet maintained for this action.
SO ORDERED:

*Kevin Nathaniel Fox*
Kevin Nathaniel Fox, U.S.M.J.

cc: Counsel of Record (via ECF)

---

[1] These filings also violate the Court's formatting requirements for briefs.  Local Rule 11.1 requires that "all documents presented for filing" must "have at least one-inch margins on all sides" and "all text must be double-spaced, except for headings, text in footnotes, or block quotations, which may be single-spaced."  The additional pages the Plaintiff filed are single-spaced and have half-inch margins.