UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER J. NYGÅRD, | Civil Case No. 1:19-cv-01559 |
| Plaintiff, | Judge Lorna G. Schofield |
| v. | Magistrate Judge Kevin N. Fox |
| LOUIS M. BACON, *et al.*, | |
| Defendants. | |

**DEFENDANT LOUIS BACON'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE**
**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

Nancy Chung
Michael A. Levy
Christina Prusak Chianese
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
(212) 839-5300

Christopher M. Egleson
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
(213) 896-6000

*Counsel for Defendant Louis M. Bacon*

June 4, 2021

# **TABLE OF CONTENTS**

                                                                             **Page**

PRELIMINARY STATEMENT ..................................................................................................1

STANDARD OF REVIEW .........................................................................................................2

ARGUMENT .................................................................................................................................2

I.      The Report Correctly Concluded That Nygård Lacks RICO Standing ...............................2

          A.      Nygård Waived Reliance On Injury To Businesses "Associated With" Him, And Such Injury Is Anyway Not Actionable ..................................................2

          B.      Legal Fees Nygård Has Allegedly Incurred Are Not RICO Injury .........................4

          C.      Injury To Nygård's Personal Reputation Is Not RICO Injury ................................4

II.     Dismissal Is Also Warranted Due To Additional, Independent Pleading Deficiencies .........................................................................................................................7

III.    The Court Should Also Adopt The Unobjected-To Portions Of The Report ......................8

CONCLUSION ..............................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ali v. Playgirl, Inc.*,
   447 F. Supp. 723 (S.D.N.Y. 1978) .................................................................................6

*Bouveng v. NYG Capital LLC*,
   175 F. Supp. 3d 280 (S.D.N.Y. 2016) .............................................................................5

*Cement-Lock v. Gas Technology Institute*,
   No. 05-cv-0018, 2005 WL 2420374 (N.D. Ill. Sept. 30, 2005) ......................................6

*Dandong Old North-East Agriculture & Animal Husbandry Co. v. Hu*,
   No. 15-cv-10015, 2017 WL 3328239 (S.D.N.Y. Aug. 3, 2017) ....................................4

*Clark v. Stipe Law Firm., L.L.P.*,
   320 F. Supp. 2d 1207 (W.D. Okla. 2004) ......................................................................6

*Empire Merchs., LLC v. Reliable Churchill LLLP*,
   902 F.3d 132 (2d Cir. 2018) ...........................................................................................3

*Felice Fedder Oriental Art, Inc. v. Scanlon*,
   708 F. Supp. 551 (S.D.N.Y. 1989) .................................................................................6

*Fitzpatrick v. Milky Way Prods., Inc.*,
   537 F. Supp. 165 (E.D. Pa. 1982) ..................................................................................6

*Frydman v. Verschleiser*,
   172 F. Supp. 3d 653 (S.D.N.Y. 2016) ............................................................................7

*Greene v. McElroy*,
   360 U.S. 474 (1959) .......................................................................................................6

*Headley v. Tilghman*,
   53 F.3d 472 (2d Cir. 1995) .............................................................................................8

*Hernandez v. U.S. Dep't of Agric. Food & Consumer Serv.*,
   961 F. Supp. 483 (W.D.N.Y. 1997) ...............................................................................6

*ITC Ltd. v. Punchgini, Inc.*,
   9 N.Y.3d 467 (2007) ......................................................................................................6

*Kim v. Kimm*,
   884 F.3d 98 (2d Cir. 2018) .............................................................................................4

*Kimm v. Lee*,
   No. 04-cv-5724, 2005 WL 89386 (S.D.N.Y. Jan. 13, 2005) ...................................................... 7

*Liberman v. Gelstein*,
   80 N.Y.2d 429 (1992) ................................................................................................................ 6

*Manson v. Stacescu*,
   11 F.3d 1127 (2d Cir. 1993) .................................................................................................. 2, 3

*Merhej v. I.C.S. Int'l Custody Sys., Inc.*,
   No. 13-cv-869, 2014 WL 104908 (S.D.N.Y. Jan. 9, 2014) ....................................................... 7

*Reich v. Lopez*,
   38 F. Supp. 3d 436 (S.D.N.Y. 2014) ......................................................................................... 3

*Sadighi v. Daghighfekr*,
   36 F. Supp. 2d 279 (D.S.C. 1999) ......................................................................................... 6, 7

*Salameno v. Rawlings*,
   No. 19-cv-4442, 2021 WL 1085521 (S.D.N.Y. Mar. 22, 2021) ................................................ 3

*Terminate Control Corp. v. Horowitz*,
   28 F.3d 1335 (2d Cir. 1994) ...................................................................................................... 6

*Torres v. City of New York*,
   No. 18-cv-3644, 2020 WL 4883807 (S.D.N.Y. Aug. 20, 2020) ........................................ 2, 3, 4

*United States v. Stewart*,
   305 F. Supp. 2d 368 (S.D.N.Y. 2004) ....................................................................................... 6

*United States v. Street*,
   917 F.3d 586 (7th Cir. 2019) ..................................................................................................... 8

**Statutes**

18 USC § 1964(c) ............................................................................................................................ 6

## PRELIMINARY STATEMENT

Judge Fox's careful 38-page Report and Recommendation correctly concludes that Plaintiff Peter Nygård's civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") fails at the threshold, because Nygård has "failed to allege a cognizable injury under RICO" and so "lacks standing to assert a RICO violation." Report and Recommendation, Dkt. 94 ("Report") at 35.

The Report's analysis is exactly right. In his Objection, Nygård identifies three categories of purported RICO injury: (1) damage to non-party business entities "associated with" Nygård, including damage to trademarks they own; (2) unspecified legal fees Nygård incurred; and (3) damage to Nygård's personal reputation. Obj. at 2-9. The first one, business injury, is waived, because Nygård did not defend that category of injury before Judge Fox. It is also wrong, because Second Circuit law is clear that only the corporation may recover under RICO for a corporate harm, not an individual shareholder. As to legal fees, Nygård failed to preserve the issue because he advanced only a conclusory argument in a footnote in his briefing before Judge Fox, and here in his Objection he still fails to specify what legal fees are at issue, and has no answer to the Second Circuit's rule that RICO may not be used to challenge litigation activities. As to the last category, RICO only allows recovery for damage to "business or property" and so not for harm to personal reputation, so the Report was correct to reject this category of damages, too.

That the already-amended complaint does not plead RICO standing alone is a basis for its dismissal. In any event, the many other pleading deficiencies presented in the Motion to Dismiss but which the Report did not have to reach provide multiple independent bases for this Court to dismiss the complaint. As to the other causes of action for RICO conspiracy and under state law, Nygard raises no objection to their dismissal together with his principal RICO claim. This Court should adopt the Report and dismiss the complaint.

1

**STANDARD OF REVIEW**

This Court reviews issues addressed in a report and recommendation "to which no or merely perfunctory objections are made … for clear error." *Torres v. City of New York*, 18-cv-3644, 2020 WL 4883807, at *2 (S.D.N.Y. Aug. 20, 2020) (Schofield, J.). Even when a party makes an objection, this Court "will review the report strictly for clear error" when "a party … simply reiterates the original arguments made below." *Id.* This Court also "will not consider new arguments raised in objection to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Id.* Because Nygård's Objection either reiterates the original arguments he made in opposing the Motion to Dismiss or asserts new arguments on points Nygård failed to preserve below, this Court should review the Report for clear error.

**ARGUMENT**

**I.    The Report Correctly Concluded That Nygård Lacks RICO Standing**

    **A.    Nygård Waived Reliance On Injury To Businesses "Associated With" Him, And Such Injury Is Anyway Not Actionable**

Nygård's complaint claims injury to "his business and property" based on harm suffered by two of his former companies, Nygård International Partnership ("NIP") and Nygård, Inc.[1] These entities purportedly lost a major client and access to corporate financing, were put into bankruptcy, and had their trademarks impaired. Obj. at 4-5. As Defendant's Motion to Dismiss explained, however, Second Circuit precedent holds that even a "sole shareholder" of a company "does not have standing to bring an individual action under RICO to redress injuries to the corporation." Mem. in Support of Mot. to Dismiss, Dkt. 86 ("Mot.") at 8 (quoting *Manson v. Stacescu*, 11 F.3d 1127, 1131 (2d Cir. 1993)); *see also* Report at 24-25 (quoting *Manson*).

---

[1] Nygård had originally caused these entities to join him as plaintiffs in this action, *see* Compl., Dkt. 1, but they dropped their claims after they entered receivership and Nygård lost control of them, *see* FAC, Dkt. 80 ¶¶ 1-12, 944.

2

Nygård now tries to object to Judge Fox's conclusion on this point, but his objection is waived. In his 30-page Opposition before Judge Fox, Nygård did not defend this category of injury. *See* Opp., Dkt. 89; Reply, Dkt. 93 at 1-2. That is waiver. *See Torres*, 2020 WL 4883807, at *2; *Salameno v. Rawlings*, No. 19-cv-4442, 2021 WL 1085521, at *16 n.9 (S.D.N.Y. Mar. 22, 2021).

In any event, Judge Fox is correct: under *Manson*, Nygård cannot personally assert his company's injuries, and Nygård cites no authority to the contrary. *See* Obj. at 2-4; Mot. at 8-9.[2] Nygård's Objection itself emphasizes that his companies have "distinct differences" in "ownership" and "control," and admits that Nygård owns NIP only indirectly "through a chain of ownership," because NIP is "a partnership owned by two Canadian numbered companies." Obj. at 3-4. It further contends that Nygård, Inc. has "separate ownership" and only "worked closely" with NIP, such that harm to it "caused injury to NIP" which then, through NIP's "chain of ownership," allegedly caused injury to "Nygård individually." *Id.*

Accepting those judicial admissions for purposes of this Motion, it is all the clearer that Nygård "does not have standing to bring an individual action under RICO to redress injuries to the [businesses]." *Manson*, 11 F.3d at 1131. Injury through a "chain of ownership," Obj. at 3, is quintessentially injury that is "too remote" and "indirect" to state a RICO claim because, among other reasons, the company itself is "a more direct victim," *see Empire Merchs., LLC v. Reliable*

---

[2] *Reich v. Lopez*, 38 F. Supp. 3d 436 (S.D.N.Y. 2014), cited to show that individuals may assert corporate claims, shows no such thing. There, an individual and his one-man eponymous consulting firm were joint plaintiffs who asserted RICO claims in the nature of business defamation, predicated on putative wire fraud. 38 F. Supp. 3d at 443-44, 450. The defendants did not raise an objection under *Manson* to the individual's assertion of claims, presumably because the presence of the wholly-controlled corporate plaintiff made that question academic. The court instead dismissed the plaintiffs' RICO claims for failure to properly allege a wire fraud predicate, and for failure to allege a RICO pattern. *Id.* at 451, *aff'd*, 858 F.3d 55 (2d Cir. 2017). The court's failure to consider an unasserted, partial defense to the plaintiffs' RICO claims in the course of dismissing those claims in their entirety does not suggest that the individual plaintiff's injury was cognizable. *Reich* does, however, support Defendant's position that Nygård has failed to allege a fraud predicate and has failed to allege a RICO pattern. *See* Mot. at 25-27.

*Churchill LLLP*, 902 F.3d 132, 141, 144 (2d Cir. 2018). The Court should adopt the Report's conclusion that injury to Nygård's businesses cannot ground his personal RICO claims.

### B. Legal Fees Nygård Has Allegedly Incurred Are Not RICO Injury

As the Motion to Dismiss explained, *see* Mot. at 11-14, the allegations concerning legal fees do not specify what non-time-barred, domestic proceedings are at issue; what falsities in them caused the expenditure of fees; what fees Nygård has actually paid related to them, or why; or what direct, proximate connection between any of the acts alleged and Nygård's purported expenditure of fees could satisfy RICO's proximate cause requirement. In addition, the litigation exception—"that 'allegations of frivolous, fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act,'" Mot. at 13 (quoting *Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018))—bars Nygård's attempt to use RICO to seek redress here for alleged falsities in proceedings elsewhere, *see id.* at 13-14. Nygård's perfunctory reference to legal fees in a footnote in his Opposition to the Motion to Dismiss, without elaboration, detail, or citation to authority, was not sufficient to preserve this issue, and his effort to press it here is waived. *See* Opp. at 8 n.3; Reply at 2.

### C. Injury To Nygård's Personal Reputation Is Not RICO Injury

As to the one category of injury that Nygård seriously tried to defend—alleged injury to his reputation, *see* Opp. at 4-8—the Report correctly rejects it as the basis for RICO injury, *see* Report at 25-35. Nygård here repeats the same arguments from his earlier Opposition, *compare* Obj. at 6-8, *with* Opp. at 4-8, and so is entitled to only clear error review, *Torres*, 2020 WL 4883807, at *2. The Report's thorough analysis is correct, and so easily clears that bar. It correctly concludes that the one in-Circuit case on which Nygård relied, *Dandong Old North-East Agriculture & Animal Husbandry Co. v. Hu*, No. 15-cv-10015, 2017 WL 3328239 (S.D.N.Y. Aug. 3, 2017), is inapposite. That is because it merely "'assumed, without deciding,'" that harm to a

4

party's business reputation could be RICO injury, while dismissing the RICO claims on other grounds. Report at 28-29. That case also involved a "corporate plaintiff" with a "highly particularized" claim of "business reputational harm," whereas Nygård is "an individual" who has made "a generalized, conclusory assertion" about "a smear campaign directed to [his] personal character." *Id.* at 28-29. Here, Nygård does not engage with either limitation, and instead just falsely describes the case as an instance where a court "found RICO standing" based on "reputational harm." Obj. at 7.

The Report next explains that Nygård otherwise only cited out-of-Circuit cases, without any real analysis. Report at 30. Even still, the Report undertakes a detailed analysis of each before concluding that none supports Nygård's position. *Id.* at 30-35. It observes that, at most, some of the cases recognize injury to business or professional reputation—as opposed to personal reputation—under RICO. Even if these cases were correct, the Report concludes, that would not save Nygård's claim, because he only alleges "personal reputational injury arising out of public knowledge of his penchant for 'deviant sexual acts,' not an injury arising from his business reputation as an incompetent businessperson." *Id.* at 35.

Far from being clear error, the Report's rejection of personal reputational injury as a basis for RICO liability is correct. The Objection confirms as much because Nygård's lead case, *Bouveng v. NYG Capital LLC*, 175 F. Supp. 3d 280 (S.D.N.Y. 2016), is "a *defamation* case." Obj. at 6 (emphasis added). That runs smack into the prohibition on trying to shoehorn a defamation claim into a RICO claim. *See* Mot. at 9 (citing, *inter alia*, *Rajaratnam v. Motley Rice, LLC*, 449 F. Supp. 3d 45, 73-74 (E.D.N.Y. 2020)). Tellingly, Nygård's attempt to spin damage to his personal reputation into increasingly nebulous categories of supposed harm—injury to "goodwill," "his name and image," and a "right to follow a chosen profession," Obj. at 6-8—relies mostly on

cases that include no discussion of RICO whatsoever.[3] Those cases thus provide no support for his position that injury to his personal reputation constitutes RICO injury and, instead, confirm the opposite: that RICO—whose statutory text demands injury to "business or property," 18 USC § 1964(c)—does not provide recovery for injury to reputation.

The remaining cases Nygård relies on that actually involve RICO claims confirm the same. One contemplates the loss of contracts as cognizable RICO injury, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1343 (2d Cir. 1994), but Nygård does not complain that he personally lost any contracts. The other cases that actually discuss reputational injury are not any better. Like *Dandong*, *Clark v. Stipe Law Firm., L.L.P.*, 320 F. Supp. 2d 1207 (W.D. Okla. 2004) "explicitly refrained" from holding that reputational harm is cognizable RICO injury, and in any event "involved allegations of damage to professional, not personal reputation." Report at 31 (citing 320 F. Supp. 2d at 1213-14). *Cement-Lock v. Gas Technology Institute*, No. 05-cv-0018, 2005 WL 2420374 (N.D. Ill. Sept. 30, 2005) cuts directly against Nygård in holding that "injury to one's personal reputation generally is not an injury to 'business or property,'" and that "RICO claims based on injury to reputation" are "disallow[ed]" where, as here, "the plaintiff[] [is an] individual[]," *id.* at *13; *see* Report at 34. And as to *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 279

---

[3] *See Felice Fedder Oriental Art, Inc. v. Scanlon*, 708 F. Supp. 551, 561 (S.D.N.Y. 1989) (discussing reputation in a damages analysis in a non-RICO case); *United States v. Stewart*, 305 F. Supp. 2d 368, 372 (S.D.N.Y. 2004) (quoting, in the context of an analysis of a motion for a judgment of acquittal in a non-RICO criminal case, a business prospectus's statement); *Hernandez v. U.S. Dep't of Agric. Food & Consumer Serv.*, 961 F. Supp. 483, 485 (W.D.N.Y. 1997) (quoting language in the Food Stamp Act that provides that the "reputation of the applicant" is a factor a federal regulatory agency considers when deciding to approve applicant stores for the federal food stamp program); *Liberman v. Gelstein*, 80 N.Y.2d 429, 435 (1992) (discussing, in the context of a defamation action, the categories of slander per se); *Ali v. Playgirl, Inc.*, 447 F. Supp. 723, 728 (S.D.N.Y. 1978) (explaining, in the context of a claim for violation of a right of privacy under a New York statute, that recovery under that statute contemplates "an individual's property interest in his likeness or reputation"); *Fitzpatrick v. Milky Way Prods., Inc.*, 537 F. Supp. 165, 171 (E.D. Pa. 1982) (explaining, in the context of a defamation claim, that "interest in reputation has been described as … a property interest"); *ITC Ltd. v. Punchgini, Inc.*, 9 N.Y.3d 467, 476 (2007) (defining "property rights in the context of a common-law unfair competition claim grounded on a theory of misappropriation"); *Greene v. McElroy*, 360 U.S. 474, 492 (1959) (discussing the right to hold specific private employment as "liberty" or "property" under due process).

(D.S.C. 1999), its acknowledgment of cognizable business or professional reputational injury as to an individual "has not been widely followed." Reply at 3 (quoting *Morrell v. Alfortish*, No. 10-cv-924, 2010 WL 4668429, at *6 (E.D. La. Nov. 9, 2010)). That *Merhej v. I.C.S. International Custody System, Inc.*, No. 13-cv-869, 2014 WL 104908 (S.D.N.Y. Jan. 9, 2014) cited *Sadighi* "approvingly," Obj. at 8 n.3, is misleading, because *Merhej* did not involve claims of reputational injury and cited *Sadighi* for an unrelated point, *see* 2014 WL 104908, at *3-4. But even if other courts actually followed *Sadighi*, that has no bearing here, as Nygård "asserts damage to his personal, not professional reputation." Report at 32. For all his myriad allegations, Nygård has never claimed that Bacon attempted to attack Nygård's reputation for clothing design. In sum, the Report is correct to conclude that Nygård's claims of personal reputational injury are not claims of injury to "business or property" under RICO; does not commit clear error; and should be adopted.[4]

## II. Dismissal Is Also Warranted Due To Additional, Independent Pleading Deficiencies

The Court can and should rely on the complaint's failure to plead cognizable injury and proximate cause to dismiss the RICO claims. But the Court may also dismiss those claims for

---

[4] And Nygård's last-gasp attempt to explain why the complaint alleges a "complete" RICO claim by reference to *Frydman v. Verschleiser*, 172 F. Supp. 3d 653 (S.D.N.Y. 2016)—a case he did not cite in his Opposition—is unavailing. *See* Obj. at 1, 9-10. *Frydman* involved a RICO claim premised on allegations that the plaintiffs hacked the defendants' email accounts to learn the identity of prospective business partners, and then contacted those partners to make disparaging statements about the plaintiffs, leading the prospective business partners to withdraw a $10 million mortgage loan and a $1.4 million lease. 172 F. Supp. 3d at 660. The court's decision turned on the specific allegations of lost "money and property" proximately caused by the defendants' alleged wrongs because the losses flowed from the fact that the "business associates did rely on the allegedly false representations" made to them by the defendants. *Id.* at 669. The court explained that this specific and direct causal link distinguished the case from others, like *Kimm v. Lee*, No. 04-cv-5724, 2005 WL 89386 (S.D.N.Y. Jan. 13, 2005), where the plaintiff's RICO claim failed because it had identified only general reputational injury as a result of "false news articles attacking the plaintiff's name and reputation." *Frydman*, 172 F. Supp. at 669. Here, like in *Kimm*, the fraud predicate act allegations are deficient because, among other things, they assert general reputational harm rather than specific harm to business or property. Mot. at 23-24; Reply at 7-8. Moreover and unlike in *Frydman*, the proximate cause allegations are deficient because of, among other reasons, the vague "chain of ownership" that separates Nygård from the businesses "associated with" him. *See supra* at pp. 2-4. And beyond all that, *Frydman* does not bear on the other RICO pleading deficiencies that plague the complaint here, including the failure to plead a cognizable injury, a domestic injury, an enterprise, relatedness, and continuity.

additional independent reasons set out in the Motion to Dismiss. *See United States v. Street*, 917 F.3d 586, 598-99 (7th Cir. 2019) (equating alternative arguments in support of a magistrate judge's recommended disposition to an appellee's "alternative arguments for affirming the judgment in the appellee's favor"); *see also Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995) (court is "free to affirm on any ground that finds support in the record, even if it was not the ground upon which the [court below] relied"). Additional bases for dismissal are:

- **No domestic injury.** Nygård resides in Canada, and has conceded that "intangible injury is only felt at the [plaintiff's] place of residence," Opp. at 10, so even if there were a cognizable RICO injury and it could be directly linked to him, he did not suffer RICO's required domestic injury, Mot. at 9-10, 12; Reply at 3-4.

- **No enterprise.** The complaint fails to plead an "association in fact" enterprise because it fails to plead a common purpose, adequate relationships among members, and an enterprise separate from the alleged predicate acts. Mot. at 14-16; Reply at 4-5.

- **No predicate acts.** The complaint fails to plead predicate acts. Mot. at 17-25; Reply at 5-8.

- **No relatedness.** The Opposition only tried to defend the relatedness of the alleged money laundering and bribery predicate acts but failed to identify the link in the complaint between the two, Reply at 8, and failed entirely to describe any relation between the other predicate acts alleged in the complaint, *id.*; Mot. at 25-26.

- **No continuity.** The complaint alleges a scheme targeting a single victim and so does not plead closed-ended continuity, and alleges that the most recent alleged predicate act occurred in early 2018, and so also does not plead open-ended continuity. Mot. at 26-27; Reply at 8-9.

### III.    The Court Should Also Adopt The Unobjected-To Portions Of The Report

Nygård does not object to the dismissal of the RICO conspiracy claim on the ground that it stands or falls with his primary RICO claim; and he does not object to the dismissal of his state law causes of action following the dismissal of the RICO claims. The Court should therefore dismiss those claims as well.


## CONCLUSION

For these reasons, the Report should be adopted, and Nygård's claims should be dismissed with prejudice.

Dated: June 4, 2021
New York, New York

Respectfully submitted,

/s/ Christopher M. Egleson
Nancy Chung
Michael A. Levy
Christina Prusak Chianese
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599
nchung@sidley.com
mlevy@sidley.com
cchianese@sidley.com

Christopher M. Egleson
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Tel: (213) 896-6000
Fax: (213) 896-6600
cegleson@sidley.com

*Counsel for Defendant Louis M. Bacon*