UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
PETER J. NYGÅRD,                                       :
                                       Plaintiff,      :
                                                       :
              -against-                                :          19 Civ. 1559 (LGS)
                                                       :
                                                       :          OPINION AND ORDER
LOUIS M. BACON, JOHN DOES 1-20 AND                     :
DOE CORPS. 1-10,                                       :
                                       Defendants. :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

        Plaintiff Peter J. Nygård objects to portions of Magistrate Judge Fox's Report and

Recommendation ("R&R") that Plaintiff's First Amended Complaint ("FAC") be dismissed

pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  For the

following reasons, the recommendation of the R&R is adopted, and the motion to dismiss is

granted.

    I.        BACKGROUND

        The FAC claims that Defendant, in conjunction with twenty John Does and ten Doe

Corporations, planned to "destroy" Plaintiff and businesses associated with Plaintiff.  The FAC

alleges that Plaintiff's claims against Defendant began with a property dispute in the Bahamas

that expanded into several incidents over ten years: (1) the filing of "Jane Doe" lawsuits against

Plaintiff alleging sexual misconduct, with associated attempts to bribe, coerce, and threaten

witnesses; (2) attempts to frame Plaintiff in a murder for hire scheme, and related reports to (and

raids by) the FBI and the Department of Homeland Security; (3) associated media reports in The

New York Times and other media outlets; (4) successful attempts to have retailers and business

partners drop Plaintiff's fashion brands; (5) promotion of Plaintiff's resignation from certain

companies; (6) appointment of a receiver for companies with which Plaintiff was associated and (7) institution of receivership proceedings involving certain companies.

Two corporate entities associated with Plaintiff -- Nygård International Partnership ("NIP") and Nygård, Inc. (collectively, the "Associated Businesses") -- originally brought suit alongside Plaintiff. The FAC alleges that Plaintiff is the indirect beneficial owner of NIP, which had "a business relationship with Nygård Inc., such that damage to Nygård Inc. could impact [NIP], and thereby damage Plaintiff." These entities were voluntarily dismissed with prejudice after entering receivership proceedings.

The FAC asserts two causes of action for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act: (1) a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c), giving rise to civil liability under 18 U.S.C. § 1964(c) (Count I) and (2) conspiracy to engage in racketeering activity in violation of 18 U.S.C. § 1962(d) (Count II). The FAC claims that Defendant engaged in racketeering activity by bribing, coercing or extorting witnesses to give false statements; laundering money to those witnesses and others; tampering with witness protection programs; transmitting obscene materials and stolen goods in interstate commerce and trafficking in persons.

The FAC also asserts state law claims for: (3) tortious interference with prospective economic advantage (Count III); (4) aiding and abetting the filing of a false report (Count IV); (5) filing a false report (Count V); trafficking and harboring certain aliens to further a fraudulent act (Count VI) and abuse of process (Count VII).

The FAC alleges federal question jurisdiction over the RICO claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

On September 10, 2020, Defendant moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  The motion was referred to Judge Fox, who recommended dismissal.  Judge Fox first concluded that the FAC failed to state a civil RICO claim because the FAC alleges three classes of injuries, none of which are cognizable under RICO: (1) harm to Plaintiff's personal reputation and resulting public relations expenses; (2) follow-on reputational harm to businesses associated with Plaintiff, including diminution in the value of their trademarks and other intellectual property and (3) legal fees related to criminal proceedings and unspecified other litigation.  Judge Fox also recommended that, absent federal question jurisdiction, the Court should decline to exercise supplemental jurisdiction.  Plaintiff filed objections to the R&R, and Defendant responded.

## II.    LEGAL STANDARDS

### A.  Review of a Magistrate Judge's Report and Recommendation

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3) (emphasis added); *accord* 28 U.S.C. § 636(b)(1). "Portions of a magistrate judge's report to which no or merely perfunctory objections are made are reviewed for clear error."  *G.T. v. New York City Dep't of Educ.*, No. 18 Civ. 11262, 2020 WL 1503508, at *1 (S.D.N.Y. Mar. 30, 2020) (internal quotation marks omitted) (citation omitted).  "When a party . . . simply reiterates the original arguments made below, a court will review the report strictly for clear error."  *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016).  "Objections to a report and recommendation are to be specific and are to address only those portions of the proposed findings to which the party objects."

*Chembulk Mgmt. PTE Ltd. v. Vedanta Ltd.*, No. 16 Civ. 9799, 2018 WL 3410013, at *1 (S.D.N.Y. July 13, 2018) (internal quotation marks omitted).  "In addition, new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all."  *3 W. 16th St., LLC v. Commonwealth Land Title Ins. Co.*, No. 18 Civ 1914, 2019 WL 1397135, at *2 (S.D.N.Y. Mar. 28, 2019), *appeal withdrawn*, No. 19-1167, 2019 WL 5549317 (2d Cir. Sept. 17, 2019) (internal quotation marks omitted).

### B.  Pleading Requirements

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *Montero v. City of Yonkers*, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).  To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  In ruling on a motion to dismiss, the court may consider: (1) the complaint; (2) documents attached to the complaint, quoted therein or incorporated by

reference and (3) documents upon which the plaintiff relies and which are integral to the complaint. *Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011); *accord Bergesen v. Manhattanville Coll.*, No. 20 Civ. 3689, 2021 WL 3115170, at *2 (S.D.N.Y. July 20, 2021).  The court will not consider factual allegations made solely in the parties' briefing in connection with a motion to dismiss.  *See Brandenburg v. Greek Orthodox Archdiocese of N. Am.*, No. 20 Civ. 3809, 2021 WL 2206486, at *7 (S.D.N.Y. June 1, 2021) ("Plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss.").

### C.  RICO

"To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property and (3) that the injury was caused by the violation of Section 1962." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (internal citations and quotations omitted); *accord Malvar Egerique v. Chowaiki,* No. 19 Civ. 3110, 2020 WL 1974228, at *7 (S.D.N.Y. Apr. 24, 2020).

Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  18 U.S.C. § 1962(c).  According to RICO's definitional section, "'a pattern of racketeering' activity requires at least two acts of racketeering activity, . . . the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity."  18 U.S.C. § 1961(5).  The acts that constitute the pattern must be among the various criminal offenses listed in § 1961(1), and they must be "related, and [either] amount to or pose a threat of continuing criminal activity."  *Spool*, 520 F.3d at 183

(quoting 18 U.S.C. § 1961(5)); *Cofacrèdit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir.1999)) (alteration in original).

Section 1962(d) makes it "unlawful for any person to conspire to violate [the RICO statute]." 18 U.S.C. § 1962(d). "[T]o establish a RICO conspiracy, a plaintiff must show a conspiracy to commit a substantive RICO violation. . . . Thus, '[u]nder any prong of § 1962, a plaintiff in a civil RICO suit must establish a 'pattern of racketeering activity.''" *Spool*, 520 F.3d at 183 (citing 18 U.S.C. § 1962(d)) (quoting *GICC Cap. Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 465 (2d Cir. 1995)). If a complaint fails to state a substantive RICO claim, it also does not state a claim for RICO conspiracy. *Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055, 1064 (2d Cir. 1996), *vacated on other grounds*, 525 U.S. 128 (1998); *New York v. United Parcel Serv., Inc.*, 15 Civ. 1136, 2016 WL 4203547, *4 (S.D.N.Y. Aug. 9, 2016).

Although RICO is a criminal statute, it creates a civil remedy for "any person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). Whether a civil plaintiff's alleged injury is cognizable under RICO is often discussed in terms of "standing." *See, e.g.*, *Cornetta v. Town of Highlands*, 434 F. Supp. 3d 171, 182 (S.D.N.Y. 2020). In evaluating whether a RICO plaintiff has standing, courts typically reject efforts to shoehorn what are effectively defamation claims into the RICO framework, because "it is firmly established that defamation and many other similar allegations do not provide the requisite predicate for RICO violations." *Kimm v. Lee*, No. 04 Civ. 5724, 2005 WL 89386, at *5 (S.D.N.Y. Jan. 13, 2005) (collecting cases), *aff'd sub nom. Kimm v. Chang Hoon Lee & Champ, Inc.*, 196 F. App'x 14 (2d Cir. 2006); *accord Frydman v. Verschleiser*, 172 F. Supp. 3d 653, 669 (S.D.N.Y. 2016).

### D. Supplemental Jurisdiction

Federal courts may exercise supplemental jurisdiction over state law claims that are related to federal law claims and arise from the same common nucleus of operative facts. *See* 28 U.S.C. § 1367(a); *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 332 (2d Cir. 2011); *Clemens v. Moody's Analytics, Inc.*, No. 17 Civ. 410, 2020 WL 42277, at *2 (S.D.N.Y. Jan. 3, 2020). District courts may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When "a plaintiff's federal claims are dismissed before trial, 'the state law claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)).

### III. DISCUSSION

#### A. Plaintiff's Objections to the R&R

The R&R recommends finding that the Complaint alleges no cognizable injury under RICO. Plaintiff objects and asserts that each of the following alleged injuries is cognizable and grants him standing under RICO: (1) harm to the Associated Businesses resulting from Defendant's activities; (2) damage to his personal name and reputation, which also harmed the Associated Businesses; (3) damage to trademarks bearing his name and (4) legal fees resulting from Defendant's alleged activities.

##### 1. Injury to Plaintiff's Associated Businesses

The FAC alleges that "businesses associated with Plaintiff" have been injured due to Defendant's allegedly false statements about Plaintiff. The R&R concluded that, as a matter of law, Plaintiff "has no standing to sue for harm to businesses 'associated with' him," and is thus not the proper plaintiff to bring these claims. Plaintiff objects that any harm to the Associated

Businesses may be imputed to him, as (1) the FAC alleges he is "the indirect beneficial owner"[1] of the first allegedly harmed company, NIP and (2) NIP had a business relationship with Nygård, Inc. such that damage to Nygård, Inc. could impact NIP and thereby damage Plaintiff.  Because this issue was raised below, the R&R's decision on this point is reviewed for clear error.

The R&R did not clearly err in finding Plaintiff cannot recover under RICO for injuries to the Associated Businesses.  While damage to a business's reputation is a cognizable RICO injury, it is an injury to the business.  An individual cannot bring a RICO action on behalf of a business, even if he is a shareholder of an injured corporation.  *Manson v. Stacescu*, 11 F.3d 1127, 1131 (2d Cir. 1993); *accord Alphas Co. of New York Inc. v. Hunts Point Terminal Produce Coop., Inc.,* No. 14 Civ. 00145, 2017 WL 1929506, at *3 (S.D.N.Y. May 9, 2017).  The reason for this rule is that "[s]ince the shareholder's injury . . . generally is derivative of the injury to the corporation, the shareholder's injury is not related directly to the defendant's injurious conduct." *Manson*, 11 F.3d at 1131 (citing *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 269 (1992)); *accord Hunts Point Terminal*, 2017 WL 1929506, at *3.  Plaintiff may not bring a civil RICO claim for alleged reputational injuries to the Associated Businesses.

In response, Plaintiff first cites *Reich v. Lopez*, 38 F. Supp. 3d 436 (S.D.N.Y. 2014), *aff'd*, 858 F.3d 55 (2d Cir. 2017), which he argues did not distinguish harm to the individual from harm to the individual's business.  This is an erroneous reading of *Reich*.  That case involved two plaintiffs: the individual, Otto J. Reich and his eponymous business, Otto Reich Associates.  *Id.* at 443.  Here, the Associated Businesses are not parties; Plaintiff dismissed NIP

---

[1] Plaintiff asserts, for the first time in his objection, that he is the "sole beneficial owner of NIP and its parent companies."  This fact is not alleged in the Complaint and is therefore improper to consider on a motion to dismiss.  Even if it were considered, an allegation that Plaintiff is the sole shareholder does not change the rule, stated above, that individual shareholders may not recover on behalf of companies under the civil RICO statute.

and Nygård International, Inc. with prejudice following their entry into receivership.  Plaintiff

cannot recover for injuries to those businesses.  *Manson*, 11 F.3d at 1131.  Plaintiff also cites

cases in which the plaintiffs were businesses, but those cases are unpersuasive given that

Plaintiff is an individual.

The FAC also references "damage to Plaintiff's business, good will and reputation."

Unlike many other allegations in the FAC, this allegation does not lump together harms to

"Plaintiff and businesses associated with Plaintiff."  However, this allegation is conclusory and

cannot be separated from Plaintiff's multiple allegations of harm to the Associated Business's

reputations.

### 2.  Injury to Plaintiff's Reputation

The FAC alleges that Defendant's allegedly false statements, as well as those Defendant

coerced from third parties, harmed Plaintiff's personal reputation, causing the Associated

Businesses and Plaintiff to lose business opportunities.  The R&R concluded that these alleged

injuries concerned damage to Plaintiff's personal reputation, but that only harm to his

professional reputation is actionable under RICO.  Plaintiff objects that the alleged harm to his

reputation, whether deemed personal or professional, directly injured the Associated Businesses,

and therefore injured him, and that this harm is sufficient to confer RICO standing.  Because this

issue was raised below, the R&R's conclusions on this point are reviewed for clear error.

The R&R did not clearly err in deciding this issue.  The Second Circuit has not ruled on

the precise extent to which reputational harm resulting in business harm is a cognizable injury to

a plaintiff under the civil RICO statute.  *See Dandong Old N.-E. Agric. & Animal Husbandry Co.

v. Hu,* No. 15 Civ. 10015, 2017 WL 3328239, at *10 n.6 (S.D.N.Y. Aug. 3, 2017) (noting that it

is unclear whether reputational harm is a cognizable RICO injury).  Other circuits are split on

this issue.  *See Santana v. Cook Cty. Bd. of Rev.*, 679 F.3d 614 (7th Cir. 2012) (explaining that reputational harm without a direct link to injury to business or property is not a cognizable RICO claim); *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 954 (8th Cir. 1999) (noting that damage to reputation is generally considered a personal injury and not a cognizable injury under the RICO statute).

Courts in this district and others have persuasively concluded that reputational harm resulting in the loss of business opportunities is a cognizable RICO injury if the pecuniary losses from the missed opportunities are quantifiable and non-speculative.  *See Yien-Koo King v. Wang*, No. 14 Civ. 7694, 2020 WL 6875403, at *25 (S.D.N.Y. Nov. 23, 2020) (noting that a plaintiff must "allege actual, quantifiable injury" because such allegations suffice to show non-speculative injury (quoting *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 227 (2d Cir. 2008), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.,* 553 U.S. 639, 659 (2008))); *World Wrestling Ent., Inc. v. Jakks Pac., Inc.*, 530 F. Supp. 2d 486, 518-21 (S.D.N.Y. 2007), *aff'd,* 328 F. App'x 695 (2d Cir. 2009) (explaining that the civil RICO statute requires allegations of non-speculative, quantifiable harm); *see also Petroff Amshen LLP v. Alfa Rehab PT PC*, No. 19 Civ. 1861, 2021 WL 960394, at *14 (E.D.N.Y. Mar. 15, 2021) (refusing to sustain plaintiff's RICO claim based on reputational harm when the harm was tied to speculative economic harms).

The FAC alleges that damage to Plaintiff's personal reputation resulted in damage to NIP, which then resulted in damage to Nygård, Inc.  The FAC also claims that other unnamed businesses associated with Plaintiff suffered injury because of the harm to Plaintiff's personal reputation.  For instance, retailers, such as Dillard's, and business partners allegedly dropped Plaintiff's fashion brands.  The FAC also alleges that Defendant's actions supported the

institution of receivership proceedings for NIP, Nygård Inc., and other companies associated

with Plaintiff.  The FAC also cites news reports stating that Plaintiff decided to step down as

chair of an unspecified set of "Nygård Companies" and divest his ownership interest in those

companies, but it does not allege that Plaintiff actually did so or tie his resignation to

Defendant's conduct.

The FAC does not allege facts demonstrating that the alleged loss of business

opportunities resulted in quantifiable and non-speculative harm to Plaintiff.  *See Wang*, 2020 WL

6875403, at *25.  Read in the light most favorable to Plaintiff, the FAC plausibly alleges harm to

the Associated Businesses in the form of lost business opportunities.  But its allegations as to

specific pecuniary harm to Plaintiff -- which must be alleged for standing under the civil RICO

statute -- are wholly conclusory.  Accordingly, the FAC's allegations regarding harm to

Plaintiff's reputation do not plead a cognizable injury and standing under the RICO statute.

### 3. Injury to Plaintiff's Intellectual Property

The FAC alleges that Defendant infringed Plaintiff's "copyrighted works and

trademarks."  Plaintiff's opposition to Defendant's motion to dismiss states, in footnotes, that the

value of Plaintiff's trademarks was destroyed by Defendant's allegedly false statements.

Defendant's reply argues that any diminution in trademark value harmed Plaintiff's associated

businesses, not Plaintiff.  The R&R concludes that any harm to the trademarks was "legally

irrelevant."  Plaintiff objects that, since the FAC alleges he is the beneficial owner of NIP -- the

entity that undisputedly owns the trademarks -- any damage to the trademarks is imputable to

him.

Because Plaintiff (1) did not make this argument earlier and (2) in the FAC claimed

trademark infringement, rather than reduction in trademark value, the argument need not be

considered on review.  However, even if the argument were considered, it fails as a matter of law.  As discussed above, Plaintiff lacks standing under RICO to address injuries to the Associated Business that owns the trademarks.

### 4. Legal Fees as an Injury

The R&R concluded that Plaintiff could not recover legal fees related to "unspecified litigations and alleged criminal proceedings" alleged in the FAC, noting that (1) legal fees are not a cognizable injury under the civil RICO statute and (2) the FAC failed to plead adequately any specific proceedings or fees at issue.  Plaintiff's objection to this portion of the R&R rests on new factual allegations not alleged in the Complaint or presented below -- that he "invested significant fees in lawsuits in New York and Florida to combat the harm caused by [Defendant's] racketeering."  Consideration of these new factual assertions is not warranted on review of the R&R.  *See 3 W. 16th St.*, 2019 WL 1397135, at *2.  Even if those factual assertions were raised before Judge Fox, Plaintiff's new claims as to legal fees are conclusory because they still fail to specify what specific proceedings are at issue, what fees were paid or why, and what specific racketeering activity proximately caused Plaintiff to incur those fees, as the R&R concluded.

\*   \*   \*   \*

Because the FAC does not allege an injury for which Plaintiff can recover under the civil RICO statute, Count I of the FAC is dismissed.  Plaintiff does not object to the R&R's recommendation that, for the same reasons there is no substantive RICO claim, the FAC's claim for RICO conspiracy in Count II fails as well.  The R&R's recommendation on this point is adopted.  *Discon*, 93 F.3d at 1064.

### B. Jurisdiction Over the State Law Claims

Plaintiff does not object to the R&R's recommendation that, having dismissed the federal claims, the Court should decline to exercise supplemental jurisdiction over the state law claims. The R&R's recommendation on this point is adopted. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *accord Krechmer v. Tantaros*, 747 Fed. App'x. 6, 10 (2d Cir. 2018) (summary order); *see also Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017) ("[O]ur circuit takes a very strong position that state issues should be decided by state courts.").

### C. Compliance With Rule 8(a)(2)

The FAC is dismissed for the independent reason that it fails to comply with Rule 8(a). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Courts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory," *The Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs v. Tightseal Constr. Inc.*, No. 17 Civ. 3670, 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018), because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *accord Harden v. Doe*, No. 19 Civ. 3839, 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019); *see also Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it

contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension").

The FAC, which spans 144 pages and 969 paragraphs, is far from short and plain.  For instance, the FAC contains a long recitation of alleged predicate acts, beginning at paragraph 854 (page 113) and ending at paragraph 907 (page 130), which are simply boilerplate untethered to the alleged facts.  This lengthy verbiage is at odds with Plaintiff's objection, which states that he primarily relies on mail and wire fraud as predicate acts for the alleged RICO violations.  Put simply, the FAC's allegations are too lengthy, conclusory and confusing to put Defendant on notice of the claims against him.

### D.  Leave to Replead

Leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a). "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."  *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Olson v. Major League Baseball*, 447 F. Supp. 3d 174, 177 (S.D.N.Y. 2020).  Leave to amend also may be denied where the plaintiff "fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."  *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

The FAC is dismissed, but Plaintiff may seek leave to replead by September 10, 2021. Should Plaintiff seek leave to replead, he shall (1) file a letter motion not to exceed three pages explaining how a Second Amended Complaint ("SAC") would allege a cognizable injury under the civil RICO statute, rather than constitute an attempt to shoehorn a defamation case into a RICO claim and (2) append to the letter motion a draft of the proposed SAC marked to show

changes from the FAC.  Any proposed SAC will also be evaluated for compliance with Rule 8.
In seeking leave to re-file, Plaintiff shall also take note of the other RICO deficiencies Defendant
alleges on page 8 of its response to Plaintiff's objections.  Those alleged deficiencies are not
addressed in this Opinion and Order because they were not the subject of the R&R or the parties'
objections, but they would be considered in determining if re-pleading would be futile.  Within
seven days of the filing of any such letter motion, Defendant shall file a letter response not to
exceed three pages.

## IV.    CONCLUSION

For the foregoing reasons, the R&R's recommendation is **adopted,** and Defendant's
motion to dismiss is **granted.**  Plaintiff may seek leave to replead as set forth above.  The Clerk
of Court is respectfully directed to close the motion at docket number 85.

Dated: August 20, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE