

WILSON ELSER
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

September 10, 2021

**David M. Ross**
202.626.7687 (direct)
David.Ross@wilsonelser.com

**BY ECF**
Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Nygård et al v. Bacon;* **Case No.: 1:2019-cv-01559-LGS**

Dear Judge Schofield:

    Plaintiff Peter J. Nygård submits this letter motion pursuant to Your Order dated August 20, 2021 (Doc. No. 101). As permitted in Your Order, Plaintiff seeks leave to replead and requests that Your Honor permit Plaintiff to file a Second Amended Complaint, a draft of which is attached as Exhibit A. Pursuant to Your Order, a copy of the draft Second Amended Complaint redlined against the First Amended Complaint is attached as Exhibit B.

    In response to Your Order, Plaintiff's Second Amended Complaint is drafted to address two areas. First, the pleading addresses the deficiencies that you identified in Your Order. Second, the pleading provides the short and plain statement that you referenced in Your Order. The Second Amended Complaint is less than $1/10^{th}$ the length of the First Amended Complaint.

    Your Order provides that "[t]he FAC is dismissed, but Plaintiff may seek leave to replead by September 10, 2021. Should Plaintiff seek leave to Replead, he shall (1) file a letter motion not to exceed three pages explaining how a Second Amended Complaint ("SAC") would allege cognizable injury under the civil RICO statute, … and (2) append to the letter motion a draft of the proposed SAC marked to show changes from the FAC."

    Plaintiff seeks redress for the conduct of Defendant, who engaged with others in a pattern of illicit and illegal acts designed to improperly influence witnesses to make false statements to damage Plaintiff. As set forth in the Second Amended Complaint, Defendant's conduct has and is continuing to destroy Plaintiff. Defendant's improperly obtained false statements against Plaintiff have destroyed Plaintiff's fashion business, his ability to earn a living or market his name, image and likeness again, eviscerated his business relationships and contacts, caused him to lose his property or render the properties unavailable, caused media smear campaigns, civil lawsuits, and government investigations to be filed against him, and a criminal prosecution that has progressed to his current incarceration in Canada pending extradition to New York federal prosecutors.



Over the last nine months, Defendant's intent to destroy Plaintiff has come to fruition. In December 2020, Plaintiff was arrested, incarcerated, and was served with an indictment and an extradition request. Since then, he has been denied bail twice, and forced to remain in jail. The expenses incurred to attempt to expose the manufactured civil and criminal legal proceedings, facilitated through the financial might and direction of Defendant, with the assistance of various enterprises, has financially ruined Plaintiff and cost him his liberty.

The Second Amended Complaint contains, in a short and plain pleading, cognizable injuries under RICO. The pleading alleges facts demonstrating that because of Defendant's conduct, Plaintiff lost specific business opportunities, resulting in quantifiable and non-speculative harm to Plaintiff. The pleading alleges that Plaintiff personally lost business relationships and opportunities, not just businesses that Plaintiff owned or was associated with. The Second Amended Complaint also alleges the harm to Plaintiff's professional reputation, not just his personal reputation.

The Second Amended Complaint goes further, alleging that Plaintiff expended significant public relations, investigative, and legal fees in connection with specific litigations and criminal proceedings. These include litigations in state and federal courts here in New York, and a specific proceeding brought by federal prosecutors here in New York that has Plaintiff incarcerated in Canada pending extradition here. The pleading details the conduct that caused Plaintiff to incur the public relations, investigative and legal fees to combat the harm caused by Defendant's racketeering and other misconduct. The pleading explains the specific racketeering activity that proximately caused Plaintiff to incur these fees. And the Second Amended Complaint alleges Plaintiff's loss of liberty as a direct result of the actions of the Defendant.

Your Order also provided that Plaintiff's Second Amended Complaint should "also take note of the other RICO deficiencies Defendant alleges on page 8 of its response to Plaintiffs objections." The Second Amended Complaint alleges that Plaintiff has a presence in the United States, and has suffered cognizable injury to his business and property in the United States. The pleading pleads an association in fact enterprise and alleges a common purpose, adequate relationships among members, and an enterprise separate from the alleged predicate acts. The pleading also alleges actionable predicate acts under RICO. The pleading alleges the relationship between the predicate acts that are alleged, which includes, but goes beyond, the allegations of money laundering and bribery predicate acts. The pleading also satisfies continuity under RICO. The Second Amended Complaint further alleges continuity under RICO. Allegations include predicate acts that occur after 2018 and into 2021, and resulting media campaigns, litigations, investigations and prosecutions.

The Second Amended Complaint addresses these issues, as noted in Your Order, despite a much shorter length. Your Order stated that Plaintiff's First Amended Complaint "spans 144 pages and 969 paragraphs," and "is far from short and plain." The draft Second Amended Complaint contains only 85 paragraphs, less than 10% of the length of the First Amended Complaint, and



spans 32 pages, only 22% of the page length of the First Amended Complaint. The pleading's allegations are not "too lengthy, conclusory and confusing to put Defendant on notice of the claims against him," concerns that are referenced in Your Order.

The attached draft Second Amended Complaint addresses the issues raised in Your Order. The pleading contains the appropriate allegations to put Defendant on notice of the RICO and other causes of action raised against him. The allegations and alleged injuries are cognizable and set forth in a much more concise manner.

Accordingly, Plaintiff respectfully requests that this Court permit Plaintiff to file a Second Amended Complaint against Defendant. The harms that Plaintiff has suffered and continues to suffer are real, and he should be permitted to pursue redress against Defendant.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

*/s/ David M. Ross*

David M. Ross

Attachments