

SIDLEY AUSTIN LLP
888 PROSPECT STREET, SUITE 200
LA JOLLA, CA 92037
+1 310 595 9500
+1 310 595 9501 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 213 896 6108
CEGLESON@SIDLEY.COM

September 20, 2021

**By ECF**

Honorable Lorna G. Schofield
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Nygård v. Bacon*, No. 1:19-cv-01559
             <u>Opposition to Plaintiff's Letter Motion Seeking Leave to Amend</u>

Dear Judge Schofield:

      We write on behalf of Defendant Louis Bacon to oppose Plaintiff Peter Nygård's request for leave to file a second amended complaint. The Court's order of dismissal (Order, Dkt. 101) specified the showing that Nygård would have to make in order to be granted leave to replead. Nygård's letter had to show that he had cured his prior complaint's failure to "allege a cognizable injury under the civil RICO statute," and that his action no longer "constitute[s] an attempt to shoehorn a defamation case into a RICO claim." Order 14. It was also required to address the "RICO deficiencies" that Defendant earlier enumerated. *Id*. 15. Because Nygård's letter request and proposed complaint identify no new, cognizable RICO injury, and do nothing to resolve the other RICO deficiencies, they do not satisfy the Court's test. Leave to amend should be denied.

**I.    Nygård Still Does Not Plead Cognizable RICO Injury and Standing.**

      This Court dismissed Nygård's operative complaint because it failed to allege a cognizable RICO injury. Nygård "lacks standing under RICO to address injuries to the Associated Businesses," including injury to trademarks owned by them; he failed to plead "quantifiable and non-speculative harm" to his reputation; and could not recover legal fees for which he "fail[ed] to specify what specific proceedings are at issue, what fees were paid or why, and what specific racketeering activity proximately caused Plaintiff to incur those fees." Order 8–12.

      The proposed Second Amended Complaint (PSAC, Dkt. 102-1) cures none of those defects. Nygård continues to rely on harms to his businesses that include a lost deal with the Dillard's department store, and lost business with other clothing retailers. *Compare* Compl. (Dkt. 80) ¶ 924(5)–(7) *with* PSAC ¶¶ 52–54. The Court has already held that these do not qualify. *See* Order 8–9. The alleged loss in value of Nygård's "name, image and likeness" which "adorned several companies he owned directly and indirectly" (PSAC ¶ 56), is again harm to intellectual property "owned by [associated businesses] and not by Nygård directly" (*see* Obj. 5, Dkt. 97), so Nygård

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

cannot recover for them. Order 11–12; *see also* Reply 2. As to "professional fees," Nygård claims that he now identifies the "specific litigations and criminal proceedings," but the proposed complaint remains vague on this point. PSAC ¶¶ 51(e), 58, 59. And he simply ignores, and thus fails to meet, this Court's requirement that he specify "what fees were paid or why" (Order 12) and explain how those fees were "proximately caused" (*id.*) by Defendant's conduct.

The new harms that Nygård alleges also do not qualify. The new complaint fails to link any of these harms to specific predicate acts, as this Court required. And they anyway are not cognizable. The Canadian government has imprisoned Nygård (PSAC ¶ 60), but "loss of liberty" is not harm to "business or property," and "RICO does not provide for economic damages resulting from personal injuries." *Gee Chan Choi v. Jeong-Wha Kim*, 2006 WL 3535931, at *9 (E.D.N.Y. Dec. 7, 2006). And his imprisonment, and substantially all of his alleged loss of property in the Bahamas and globally (PSAC ¶¶ 55, 57), occurred abroad and are not a "domestic injury." *RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090, 2111 (2016). All in any event flow directly from acts of government, not acts by Defendant (PSAC ¶ 57), and so do not satisfy RICO's rigorous proximate cause requirement. *See, e.g.*, *McBrearty v. Vanguard Grp., Inc.*, 2009 WL 875220, at *3 (S.D.N.Y. Apr. 2, 2009) ("Proximate causation is lacking" where "[t]he direct cause of plaintiffs' injuries" was "the exposure of [illegal] acts, through the government's investigation" rather than the alleged RICO violations), *aff'd*, 353 F. App'x 640 (2d Cir. 2009).

## II.     Nygård Still Fails to State a RICO Claim.

Leave to amend should also not be granted because the PSAC does not cure the prior complaint's other deficiencies, and Nygård's letter does not even try to address these problems:

- **No Enterprise.** The PSAC does nothing to cure the deficiencies of Nygård's enterprise allegations. Mot. 14–16 (Dkt. 86); Reply 4–5 (Dkt. 93). Far from adding facts showing a single "ongoing organization" in which the "various associates function as a continuing unit," *Boyle v. United States*, 556 U.S. 938, 945 (2009), the PSAC affirmatively pleads itself out of RICO by alleging a "network" of "*separate*" enterprises, (PSAC ¶ 15 (emphasis added)). This is the definition of the "hub and spoke" arrangement that RICO does not cover. *D'Addario v. D'Addario*, 901 F.3d 80, 101–102 (2d Cir. 2018); Mot. 16. Even as to any one of these separate, putative "enterprises," Nygård does not show that it existed "separate and apart from the pattern of activity" in which it is alleged to have engaged. *United States v. Turkette*, 452 U.S. 576, 583 (1981). The PSAC also still fails to show that the alleged participants shared a common purpose. Adding a conclusory defined term (the "Network's Common Goal") is no substitute for facts, and the PSAC elsewhere defeats itself again by alleging that the other "network" participants were motivated by money, not animus for Nygård. *D. Penguin Bros. Ltd. v. City Nat'l Bank*, 587 F. App'x 663, 668 (2d Cir. 2014); Mot. 15–16.

# SIDLEY

Page 3

- **No Predicate Acts.**  The PSAC repeats the same predicate acts as before, still in boiler-plate, and they continue to fail for all the reasons set out in Defendant's Motion.[1]

- **The Litigation Activity Rule Still Applies.**  Because no new predicates are alleged, the core of this action is still litigation activity in the form of "preparing, signing, and filing" allegedly false witness statements.  *Kim v. Kimm*, 884 F.3d 98, 102 (2d Cir. 2018); *see* PSAC ¶¶ 5, 21–22 37–38, 49, 57, 60; *see also id.* ¶¶ 76–80 (alleging abuse of process).  *Kim* continues to require dismissal as a threshold matter.  *See* Mot. 13–14; Reply 2.

- **No Pattern.**  Nygård still fails to plead a pattern of related and continuing criminal activity.  The alleged predicates are not "related to each other" and do not "amount to" or "pose a threat of continued criminal activity," *Reich v. Lopez*, 858 F.3d 55, 60 (2d Cir. 2017), including because the PSAC describes them as occurring through the operation of "separate" enterprises, (PSAC ¶ 15).  For these and the additional reasons stated in Defendant's Motion, this element is not properly pled.  Mot. 25–27; Reply 8–9.[2]

In light of the foregoing, the Court should deny Nygård's request to amend. We thank the Court for its continued attention to this matter.

Respectfully submitted,

/s/ Christopher M. Egleson
Nancy Chung
Christopher M. Egleson
Christina Prusak Chianese

*Counsel for Louis Bacon*

cc: Counsel of Record (via ECF)

---

[1] The predicates are alleged as follows:  Mail and wire fraud (Compl. ¶¶ 866–873 *versus* PSAC ¶¶ 32–34); Obscenity (¶¶ 875–876 *v.* ¶ 35); witness tampering and retaliation (¶¶ 877–882 *v.* ¶¶ 36–38); peonage (¶¶ 883–884 *v.* ¶ 39); forced labor (¶¶ 885–886 *v.* ¶ 40); trafficking (¶¶ 887–890 *v.* ¶¶ 41–42); money laundering (¶¶ 891–895 *v.* ¶¶ 43–44); transportation of stolen goods (¶¶ 896–897 *v.* ¶ 45); harboring aliens (¶¶ 898–901 *v.* ¶¶ 46–47); bribery and extortion (¶¶ 902–905 *v.* ¶¶ 48–49).  Filing a false report, PSAC ¶ 5, is not a RICO predicate, (*see* Dkt. 45 at 2).

[2] Nygård does not raise, and therefore waives, any contention that the Court should separately evaluate his proposed state law claims; and his failure to allege a viable RICO claim by itself dooms his complaint under this Court's dismissal order.  So the Court need not consider the state law claims.  His tortious interference and abuse of process claims anyway fail for the reasons stated in Defendant's Motion.  *See* Mot. 28–30; Reply 10.  His new intentional infliction of emotional distress (IIED) claim fails, among other reasons, because "conclusory" allegations of "severe emotional distress" (PSAC ¶ 65), are insufficient.  *Medcalf v. Walsh*, 938 F. Supp. 2d 478, 490 (S.D.N.Y. 2013); *see Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001) (IIED pleading requirements are "rigorous, and difficult to satisfy").