UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
PETER J. NYGARD,                                    :
                                Plaintiff,          :
                                                    :          19 Civ. 1559 (LGS)
                    -against-                        :
                                                    :          AMENDED ORDER
LOUIS M. BACON, et al.,                             :
                                Defendants.   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, familiarity with the background of this case is assumed.

WHEREAS, this Court's Opinion and Order (Dkt. No. 101), issued on August 20, 2021

(the "Dismissal Order"), granted Defendant's motion to dismiss the First Amended Complaint

for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREAS, the Dismissal Order directed Plaintiff to seek to replead by September 10,

2021.

WHEREAS, on September 10, 2021, Plaintiff filed a letter motion requesting leave to file

a Second Amended Complaint, a Proposed Second Amended Complaint ("PSAC") and a redline

showing the changes made to the First Amended Complaint (Dkt. No. 102).

WHEREAS, on September 20, 2021, Defendant filed a letter in opposition (Dkt. No.

104).

WHEREAS, leave to amend should be freely given "when justice so requires."  Fed. R.

Civ. P. 15(a)(2).  "This permissive standard is consistent with [the court's] strong preference for

resolving disputes on the merits."  *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir.

2011) (internal quotation marks omitted); *accord Travelex Currency Servs., Inc. v. Puente*

*Enters., Inc.*, 449 F. Supp. 3d 385, 394 (S.D.N.Y. 2020).  "However, where the plaintiff is unable

to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Olson v. Major League Baseball*, 447 F. Supp. 3d 174, 177 (S.D.N.Y. 2020).  Leave also may be denied where the plaintiff "fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014); *accord Cruz v. SEIU Loc. 32BJ*, No. 19 Civ. 11836, 2021 WL 4636361, at *1 (S.D.N.Y. Oct. 6, 2021).

WHEREAS, the Dismissal Order held that the Complaint did not allege a cognizable injury under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and directed Plaintiff to take note of other RICO deficiencies alleged by Defendant in his opposition.

WHEREAS, Plaintiff's proposed amendments would not cure these deficiencies for the reasons set forth below:

- **Lost Business Contracts and Loans**: The PSAC alleges Plaintiff suffered injury through lost business contracts and loans.  Specifically, the PSAC alleges that (1) Dillard's and a clothing store in Kentville decided to no longer carry Nygård's fashion lines; (2) Dillard's declined to proceed with a prospective deal involving an entity that Plaintiff was in the process of establishing and (3) Dillard's cancelled and rejected current orders as part of its decision to terminate its relationship with Nygård. These are injuries to businesses associated with Plaintiff, not to Plaintiff himself.  As the Dismissal Order explained, Plaintiff cannot bring a RICO action on behalf of a business, even if he is a shareholder of an injured corporation.  *Manson v. Stacescu*, 11 F.3d 1127, 1131 (2d Cir. 1993); *accord Alphas Co. of New York Inc. v. Hunts Point Terminal Produce Coop., Inc.*, No. 14 Civ. 00145, 2017 WL 1929506, at *3

(S.D.N.Y. May 9, 2017).  The PSAC further alleges that Plaintiff decided to step down as chairman of the Nygård companies and divest his ownership interest following raids of Nygård offices in California and New York.  "A plaintiff fails to establish a RICO injury where the injury flowed from the plaintiffs' voluntary decisions."  *Cadle Co. v. Flanagan*, No. 3 Civ. 1090, 2005 WL 8167447, at *4 (D. Conn. Feb. 11, 2005) (internal quotation marks and alteration omitted).

- **Loss of Real Property**: The PSAC alleges Plaintiff was injured when his property in the Bahamas, Nygård Cay, was seized and damaged during the seizure.  The PSAC further alleges that the property was "held hostage until [Plaintiff] paid millions of dollars."  This is not a cognizable injury under RICO because it is not a "domestic injury," as it relates to damage and loss of property in the Bahamas.  *RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090, 2111 (2016); *see also Martin Hilti Family Trust v. Knoedler Gallery, LLC*, 386 F. Supp. 3d 319, 347 (S.D.N.Y. 2019) ("[T]he 'domestic injury' analysis turns on the location of the plaintiff's property when it was harmed, not on the location where the defendant's misconduct took place.").

- **Devaluation of Intellectual Property Rights**: The PSAC alleges that Plaintiff's name, image and likeness, and marketing opportunities, decreased in value as a result of Defendant's actions.  According to the PSAC, Plaintiff's name was used in connection with fashion companies he owned directly and indirectly, and in the biotechnology industry, and his face and signature were featured in advertising campaigns that produced revenue for Plaintiff.  Because the trademarks were owned by the associated businesses, these claims appear to allege harm in connection with

3

Plaintiff's associated businesses, and are not actionable under RICO for the reasons discussed above.  Even if these claims properly asserted harm on behalf of Plaintiff, the PSAC does not sufficiently plead that Defendant's conduct was the proximate cause of Plaintiff's injuries.  To plead proximate cause, a complaint must allege a "direct relation between the injury asserted and the injurious conduct alleged." *Holmes v. Secs. Inv'r Prot. Corp.*, 112 S. Ct. 1311, 1318 (1992); *accord Empire Merchants, LLC v. Reliable Churchill LLP*, 902 F.3d 132, 140 (2d Cir. 2018).  The PSAC fails to plead a direct relation between Defendant's conduct and Plaintiff's injury, and there are numerous intervening factors and third parties - - including the government's subsequent investigation - - that could account for the alleged harm.

- **Damage to Personal Property**: The PSAC alleges that Plaintiff "sustained significant damage to his personal property," including the loss of personal property seized by the U.S. Government, and personal effects taken from his offices by the Receiver appointed in Canada.  The PSAC fails to plead that Defendant's conduct was the proximate cause of the damage and loss of property, as explained above.  The PSAC also alleges "damage to the property right of goodwill associated with [Plaintiff's] famous name, damage via Nygård's property right in lost business opportunities, damage to Nygård's professional reputation, including personal appearance fees, design fees, marketing fees, and fees earned through the use of his name, likeness, image and signature."  These claims are vague, conclusory allegations that fail to allege a cognizable injury.

- **Professional Fees**: The PSAC alleges that Plaintiff was forced to retain various investigators, experts, contractors and attorneys to "remediate the damage" caused by

Defendant's dissemination of false information, and that the cost of such services "resulted in the expenditure of millions of dollars, and is continuing."  These claims are conclusory, vague allegations that fail to specify "what fees were paid or why, and what specific racketeering activity proximately caused Plaintiff to incur those fees." Dismissal Order at 12.

- **Loss of Liberty**: The PSAC alleges that Plaintiff was deprived of his liberty and the pursuit of happiness as a result of Defendant's false statements, which led to a grand jury indictment and Plaintiff's arrest.  Here, Plaintiff asserts a personal injury claim, for which RICO does not provide recovery.  *Bascuñán v. Elsaca*, 874 F.3d 806, 817 (2d Cir. 2017); *see also Gee Chan Choi v. Jeong-Wha Kim*, No. 4 Civ. 4693, 2006 WL 3535931, at *9 (E.D.N.Y. Dec. 7, 2006) (concluding that plaintiff was not entitled to damages for his claim of loss of liberty because it was a personal injury).

WHEREAS, having dismissed the federal claims, the Court declined to exercise supplemental jurisdiction over the state law claims (Dkt. No. 101).  It is hereby

ORDERED that Plaintiff's motion to file a Second Amended Complaint is **DENIED**, as Plaintiff's proposed amendments do not cure the deficiencies in the Dismissal Order.

The Clerk of Court is respectfully directed strike the order at Docket No. 105, close all outstanding motions and terminate the case.

Dated: October 21, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

5